■ JUDITH MELTZER, Individually and on Behalf of KIM MELTZER, an Infant, Appellant, v WEST'S MOTOR FREIGHT, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 26, 1987, as denied her motion to set aside the verdict, and for a new trial, and (2) a judgment of the same court, entered February 27, 1987, which, upon a jury verdict, is in favor of the defendants and against her.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts, and a new trial is granted on the issues of whether the plaintiff's injuries were proximately caused by the accident, and damages; and it is further,

Ordered that costs are awarded to abide the event of the new trial.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We agree with the plaintiff's contention on appeal that the verdict was against the weight of the evidence, and that the Supreme Court erred in failing to set it aside on that ground (see, CPLR 4404 [a]). We find that there can be no fair

interpretation of the evidence from which a reasonable jury could determine that the plaintiff herein did not suffer injuries from the accident (see, Nicastro v Park, 113 AD2d 129).

The plaintiff, standing on a sidewalk at the corner of 5th Avenue and 37th Street in Manhattan while on her way to work, was struck and knocked down by a traffic light and pole weighing about 450 pounds which had been hit by a truck owned by the defendant West's Motor Freight, Inc. and operated by the defendant Daniel Mertz while it turned the corner. Negligence was conceded, and the only questions before the jury were whether the accident was the proximate cause of the plaintiff's injuries and if so, the amount of damages required to fairly compensate the plaintiff for the injuries she sustained.

The plaintiff had suffered from back problems, for which she had been successfully treated without surgery between 1970 and 1980. From 1980 to the time of the accident in February 1984 the plaintiff lived an asymptomatic and active, indeed athletic, life. Within two days after the accident, she was beset with pain for which she ultimately sought medical treatment from three different doctors. The defendants presented no evidence to contradict the plaintiff's expert's finding that the lumbardiscectomy, performed on the plaintiff in October 1984, had been indicated, in part, on the basis of an August 1984 CAT scan, and in part by her symptoms. It was uncontroverted that on operating, the plaintiff's doctor found that the disk had completely ruptured out of its normal position and the nerve was severely damaged. Much of the dispute between the experts was on the meaning of herniation. There was no dispute however, with respect to the fact that regardless of her exact condition before the accident, the accident could have aggravated the plaintiff's prior condition. In fact, when asked what it means to aggravate a herniated disk, the defendants' expert testified that when a patient is asymptomatic prior to this injury for a substantial period of time, and notes development of pain in the proximate period to the injury, "you would relate to the two as being caused by the injury as described." Thus, even if the jury could have found, on the basis of the existence of plaintiff's preexisting condition, that the accident did not cause the herniation, no view of the evidence could support its conclusion that it did not at least aggravate it.

Moreover, it was uncontroverted that as a result of the accident the plaintiff was knocked to the ground, suffered abrasions and contusions and concomitant pain, spent approxi-

mately five hours in the emergency room and underwent numerous tests while detained thereat. She also thereafter visited her own personal physician. Under the circumstances, the jury's verdict in favor of the defendants was against the weight of the evidence.

Accordingly, a new trial must be conducted to determine the extent to which the defendants caused the injuries sustained by the plaintiff and to provide for a fair assessment of damages as a result thereof. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.