■ PAUL CROCETTO, Respondent, v RICARDO J. ALVAREZ, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 5, 1991 in Schenectady County, which granted plaintiff's motion to set aside a verdict in favor of defendant and granted a new trial on the issue of damages.

Plaintiff commenced this negligence action to recover damages for personal injuries sustained on September 23, 1988 when defendant's vehicle struck plaintiff's vehicle in the rear at about 11:30 P.M. on Hattie Street in the City of Schenectady, Schenectady County. Prior to the commencement of trial, defendant admitted that his negligent operation of his vehicle caused the accident but denied causing any injury to plaintiff. Plaintiff's chief complaint was the aggravation of a preexisting spondylosis condition of his lower back. Plaintiff testified that he was unaware of this condition prior to the accident, that he had never sustained any back injury, that he

had never previously experienced any pain or limitation of any body function, and that until the accident the condition had been asymptomatic. Defendant presented no evidence to suggest otherwise. Plaintiff himself and his medical witnesses testified to the aggravation of the condition by the accident, the pain that ensued, the significant limitation of body motion and the total disability which prevented plaintiff's performance of his occupational duties until November 1, 1988. The jury decided that the negligence of defendant was not a proximate cause of plaintiff's injuries. Plaintiff moved to set the verdict aside as against the weight of the evidence. Supreme Court granted plaintiff's motion and granted a new trial on the issue of damages.

In our view, Supreme Court properly set the verdict aside as being against the weight of the evidence. Such a determination is a discretionary and factual one, "to be distinguished from the question of whether a jury verdict, as a matter of law, is supported by sufficient evidence" (Nicastro v Park, 113 AD2d 129, 132). The only evidence before the jury was that plaintiff suffered no pain or discomfort from his lower back prior to the accident and that all of his pain and suffering and incapacity stemmed from the accident. Even defendant's expert testified that there was "no question" that plaintiff "certainly aggravated" a preexisting condition by the accident. Therefore, the decision of Supreme Court to set aside the verdict was proper. Having done so, however, Supreme Court should have granted a new trial as to all the issues (see, Cohen v Hallmark Cards, 45 NY2d 493, 498) and not just on the issue of damages.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted a new trial on the issue of damages alone; matter remitted to the Supreme Court for a new trial on all the disputed issues; and, as so modified, affirmed.