■ JEAN WIERZBICKI et al., Respondents, v WAYNE T. KRIS-

TEL et al., Appellants. [597 NYS2d 187] —Mercure, J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 3, 1992 in Schenectady County, which granted plaintiffs' motion to set aside a verdict rendered in favor of defendants.

Plaintiff Jean Wierzbicki (hereinafter plaintiff) and her husband commenced this negligence action to recover damages for personal injuries and derivative losses sustained on January 25, 1986 when a vehicle driven by defendant Wayne T. Kristel struck plaintiff's vehicle in the rear. Following a trial, the jury found that plaintiff had not sustained a serious injury (see, Insurance Law § 5102 [d]) and answered "no" to the first four questions on the special verdict form, all of which concerned that issue. The jury, therefore, never reached the remaining questions of negligence, proximate cause and damages. Judgment was entered in favor of defendants dismissing the complaint. Thereafter, plaintiffs moved to set aside the verdict as against the weight of the evidence and in the interest of justice. Supreme Court granted plaintiffs' motion and ordered a new trial. Defendants appeal.

The established rule is that a jury verdict will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 134). Such a determination requires a discretionary balancing of many factors (see, Cohen v Hallmark Cards, supra) and "is to be distinguished from the question of whether a jury verdict, as a matter of law, is supported by sufficient evidence" (Nicastro v Park, supra, at 132). This power does not imply, however, that a trial court can set aside any verdict that it finds unsatisfactory or with which it disagrees (see, supra, at 133). Although the existence of a factual issue does not deprive the trial court of the power to intervene in an appropriate case (see, supra, at 135), the trial court should not "unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty" (Ellis v Hoelzel, 57 AD2d 968, 969). Indeed, great deference should be given to a jury's determination (see, Halvorsen v Ford Motor Co., 132 AD2d 57, 60, lv denied 71 NY2d 805), particularly in a tort case where the verdict was in favor of the defendant (see, Nicastro v Park, supra, at 134).

Applying these principles to the case at bar, a review of the record indicates that the jury reached its verdict on a fair interpretation of the evidence. Supreme Court assigned much

weight to the report of defendants' expert, which conflicted with his very clear testimony at trial that plaintiff's herniated disc and resulting surgery were not causally related to the January 1986 automobile accident. However, the resolution of such a conflict, as well as the credibility of witnesses generally, is a matter peculiarly within the province of the jury and not the court (see, Jones v Schockett, 109 AD2d 821, 822; Taype v City of New York, 82 AD2d 648, 650-651, lv denied 55 NY2d 608). Further, the opinion of defendants' expert was supported by a negative CT scan and other medical proof confirming the absence of clinical evidence of a herniated disc for approximately one year following the accident. We thus conclude that Supreme Court improvidently exercised its discretion in setting aside the verdict.

Weiss, P. J., Mikoll, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.