■ GARY D. CARPENTER et al., Appellants, v BRUCE W. ALBEE et al., Respondents. [596 NYS2d 912] —Harvey, J. Appeals (1) from a judgment of the Supreme Court (Rose, J.), entered November 18, 1991 in Tioga County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered December 9, 1991 in Tioga County, which denied plaintiffs' motion to set aside the verdict.

On July 18, 1986, plaintiff Gary D. Carpenter (hereinafter plaintiff), a blacktop paver, sustained serious injuries while he was working as the head of a crew paving a section of Interstate Route 88 (hereinafter I-88) in the Town of Afton, Chenango County. At approximately 1:00 P.M. that day, plaintiff was struck and dragged by a 10-wheel dump truck loaded with blacktop that was driven by defendant Bruce W. Albee (hereinafter defendant). I-88 is a four-lane divided highway with paved shoulders. The eastbound and westbound travel lanes are separated by a grass and tree-filled median strip. The accident occurred on the westbound driving lane and/or shoulder of I-88 approximately 800 feet east of exit 7.

As a result of his injuries, plaintiff and his wife commenced this action against defendant and his employer seeking to recover damages for personal injuries and loss of services and consortium. Following joinder of issue and discovery, a jury trial was held. The jury returned a verdict finding no negligence on the part of defendants. Plaintiffs' motions to set aside the verdict and grant a new trial were denied. Plaintiffs now appeal.

Plaintiffs contend that the jury's finding that there was no negligence on the part of defendant could not have been reached by any fair interpretation of the evidence and, therefore, the verdict was against the weight of the evidence. We disagree. A court may set aside a jury verdict and order a new trial on the basis that the verdict is contrary to the weight of the evidence where " 'the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " (Holbrook v Jamesway Corp., 172 AD2d 910, 911, quoting Schoch v Dougherty, 122 AD2d 467, 468, lv denied 69 NY2d 605; see, Fieldy v Weimer, 169 AD2d 961, 962). In making such a determination, great deference is given a jury's determination (see, Halvorsen v Ford Motor Co., 132 AD2d 57, 60, lv denied 71 NY2d 805), particularly in a negligence case where the

verdict was in favor of the defendant *(Nicastro v Park,* 113 AD2d 129, 134, 136-137). "The test is not whether a jury erred in weighing the evidence, but whether any viable evidence exists to support its verdict" *(Durkin v Peluso,* 184 AD2d 940, 941 [citation omitted]).

Here, upon examination of the evidence before the jury, we conclude that Supreme Court did not abuse its discretion in denying plaintiffs' request to set aside the verdict and order a new trial. The record reveals that for every disputed issue that plaintiffs raised there was conflicting evidence that a jury could fairly interpret in defendant's favor. The question of how far defendant backed the truck up and from what starting point was an issue of considerable dispute at trial. However, the conflicting testimony did not favor plaintiffs' position. Whether the dump truck backed up 2,000 feet or 200 feet was not relevant because the distance had nothing to do with the accident. The jury had to weigh the evidence which included the undisputed fact that plaintiff was aware that defendant was backing up and knew of his position. Even plaintiff's co-worker, Thomas Johnson, testified that plaintiff's demeanor and actions indicated that he knew the truck was backing toward him.

Although plaintiffs argued that defendant's speed was excessive under the circumstances, we note that there was considerable variation in the testimony as to defendant's speed. Significantly, plaintiff himself first testified at his pretrial deposition that defendant was going slow and he later testified at trial that defendant was moving fast. It was up to the jury to determine, based upon the evidence presented and the inferences drawn, whether defendant's speed constituted negligence under the conditions that existed, i.e., the size and weight of the truck, defendant's necessary reliance to some extent on rear view mirrors and the existence of a blind spot. Based upon a fair interpretation of the evidence presented at trial, it is apparent that reasonable minds could disagree on those issues and, therefore, the jury could rationally conclude that defendant was not negligent.*

The remaining issues raised by plaintiffs also involve conflicting testimony at trial and we similarly conclude that the jury did not improvidently exercise its power to resolve credibility issues *(see, Fieldy v Weimer,* 169 AD2d 961, 962, *supra).*

---

* Plaintiffs also maintain that defendant violated portions of the Vehicle and Traffic Law, but we note that there is no evidence in the record that a summons was given to defendant.

Whether defendant should have seen plaintiff where he was walking again turns on questions of credibility and a resolution of disputed issues such as where the truck and plaintiff were located prior to the accident and whether either of them changed positions. These determinations were properly left to the jury to resolve. As for plaintiffs' assertions that defendant was not paying attention and that he continued to back his truck and drag plaintiff after hitting him, we note that there was no testimony regarding whether defendant knew or should have known that he was dragging plaintiff or that he took too long to stop. Defendant testified that he stopped his vehicle as soon as he saw a number of the crew members running toward him waving their arms and the jury obviously gave defendant the benefit of the doubt. Finally, although plaintiffs also argue that defendant failed to operate a backup warning beeper that automatically went on when the dump truck was put into reverse, a State Trooper present at the scene after the accident testified that he asked defendant to put the vehicle into reverse and, when defendant did so, the Trooper heard the beeper go on. Given this evidence, the jury could appropriately infer that the beeper was in operation. Additionally, plaintiff testified that he knew the truck was backing up.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment and order are affirmed, with costs.