■ GENE A. ROUGEUX, Individually and as Parent and Natural Guardian of KIMBERLY G. ROUGEUX, an Infant, Respondent, v KAREN G. HENRIKSEN et al., Appellants. [600 NYS2d

170] —Mahoney, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 25, 1992 in Ulster County, which granted plaintiff's motion to set aside a verdict rendered in favor of defendants and ordered a new trial.

This personal injury action arises out of an automobile accident which occurred when the vehicle in which Kimberly Rougeux, an infant, was riding was struck from behind by another operated by defendant Karen G. Henriksen as it was stopped in traffic waiting to make a left-hand turn. Plaintiff, Rougeux's father, commenced this action and alleged that Rougeux suffered a lower back injury as a result of the accident. Following trial, the jury returned a verdict of no cause of action, finding that while defendant was negligent her negligence was not the proximate cause of Rougeux's injuries. Because of this conclusion, the jury did not pass on the issue of whether Rougeux's injury fell within one of the categories of serious injury set forth in Insurance Law § 5102 (d). Claiming that the medical testimony established, without contradiction, that Rougeux's injuries were caused by the accident, plaintiff moved to set aside the verdict as against the weight of the evidence. Supreme Court granted the motion and ordered a new trial. This appeal by defendants ensued.

We affirm. While it is uncontroverted that Rougeux had a congenital anomaly in the lumbar region of her spine, the record reveals consensus between plaintiff's and defendants' medical experts that the trauma of the accident was the cause of Rougeux's pain. Rougeux's treating physician flatly stated that she is suffering from a chronic lumbar sprain and that this abnormality was caused by the accident. He discounted any relationship between the pain and the congenital condition, noting that except for one transient complaint of low back pain after playing volleyball in 1988, Rougeux, an athletic and extremely active teenager, had experienced absolutely no pain or discomfort and was completely asymptomatic until immediately after the accident. While the defense expert testified that he had no way of knowing whether Rougeux's pain was being caused by the congenital abnormality or by the acute lower back strain he diagnosed her as having, he admitted that the accident was the precipitating cause of Rougeux's pain, either by causing the strain or by exacerbating the previously dormant abnormality. It thus being clear that the only evidence before the jury was that all of Rougeux's pain and suffering stemmed from the accident, Supreme Court properly set aside the verdict (see, Crocetto v Alvarez, 185 AD2d 541, 542).

Weiss, P. J., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.