■ JOHN GOTTLIEB et al., Appellants, v FLYING TIGER LINE, INC., et al., Respondents. [607 NYS2d 186] —Mikoll, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 11, 1992 in Greene County, upon a verdict rendered in favor of defendants.

Plaintiff John Gottlieb (hereinafter plaintiff) and his wife commenced this action seeking damages for personal injuries and derivative losses allegedly resulting from defendants' negligence. Plaintiff was injured when he fell from an electronic transport vehicle (herein ETV) on which he was standing while attempting to assist workers of defendant Flying Tiger Line, Inc. (hereinafter defendant) in loading pallets of freight onto plaintiff's trailer truck. The ETV is a hydraulic conveyor system used by defendant's employees to move and guide freight on pallets into trailers parked at defendant's dock for loading. The loading dock was approximately two feet above ground level and the ETV was on tracks resting about a foot above the loading dock. Several boxes near the top of one of the pallets were not in alignment and became jammed against the side of the trailer, preventing the pallet from entering the trailer. Ray Krispin, operator of the ETV, shut the ETV engine off. Plaintiff stepped up onto the wheel of the ETV with a metal bar in his hands which he was about to use to pry the boxes back into proper alignment on the pallet. If a pallet could not be loaded it would have to be set aside and repackaged, delaying the loading of plaintiff's truck and his departure for about three hours. As plaintiff reached up with the metal bar raised over his head he lost his balance, jumped away from the trailer to avoid a pallet in the area and injured his foot when it hit the ground.

The action was tried before a jury. The jury found in favor of defendants and plaintiffs moved to set aside the verdict as contrary to the weight of the evidence. Supreme Court initially reserved decision on plaintiffs' motion, but two days later denied it. Judgment was thereafter entered dismissing the complaint and this appeal followed. There should be an affirmance.

We reject plaintiffs' contention that Supreme Court improperly concluded that it did not have discretion to set aside the verdict. In our view Supreme Court's statement, that it "has not the discretion to substitute its opinion for that of the jurors who found no negligence", indicates that Supreme Court reasoned that the jury verdict was supported by sufficient evidence and could not be set aside merely because the court was inclined to find differently. Supreme Court, of course, had the authority to set aside a jury verdict under certain circumstances pursuant to CPLR 4404 (a).

We find plaintiffs' argument that the jury verdict was against the weight of the evidence to be without merit.

"The established rule is that a jury verdict will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence * * * This power does not imply, however, that a trial court can set aside any verdict that it finds unsatisfactory or with which it disagrees * * * Although the existence of a factual issue does not deprive the trial court of the power to intervene in an appropriate case * * * the trial court should not 'unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty' * * * Indeed, great deference should be given to a jury's determination * * * particularly in a tort case where the verdict was in favor of the defendant". *(Wierzbicki v Kristel,* 192 AD2d 906, 907; *see, Facci v General Elec. Co.,* 192 AD2d 991, 992; *Stanavich v Pakenas,* 190 AD2d 184, 186.)*

Here, the jury could have found for defendants by a fair interpretation of the evidence; thus, Supreme Court properly denied plaintiffs' motion to set aside the verdict as against the weight of evidence *(see, Wierzbicki v Kristel, supra).* In view of the law and the court's charge regarding Labor Law § 200, the jury could have fairly concluded upon the evidence that the loading dock was "arranged" to provide plaintiff reasonable protection (Labor Law § 200 [1]). The examination before trial testimony of John Sheeran (read into the record at trial) indicated that defendant did not want the truckers to load their own trucks and that Sheeran had "never" seen the metal bar plaintiff used to pry the boxes back into alignment. The jury could have concluded from the conflicting evidence that defendant prohibited, or at least reasonably discouraged, truck drivers from climbing on the ETV and that the absence of steps, railings and warning signs on or around the ETV did not render the loading dock unsafe pursuant to Labor Law § 200. The jury could also have found from the evidence that it was plaintiff's own conduct that caused his injury rather than any absence of warnings, signs or safety devices at the work site.

Cardona, P. J., Crew III, White and Weiss, JJ., concur. Ordered that the judgment is affirmed, with costs.