■ JILL D'ANGELO, Appellant, v JONATHAN A. BRYK, Respondent. [613 NYS2d 757] —Mikoll, J. P. Appeal from an amended judgment of the Supreme Court (Mycek, J.), entered March 11, 1993 in Schenectady County, upon a verdict rendered in favor of defendant.

Plaintiff allegedly sustained personal injuries to her neck and back when the automobile she was operating collided with

defendant's vehicle on July 5, 1989. Subsequently plaintiff commenced the instant negligence action seeking to recover money damages for the loss she allegedly sustained as a result of the accident. The action was tried and the jury returned a verdict finding that defendant was negligent but that his negligence was not a proximate cause of plaintiff's injuries. Plaintiff's motion to set aside the verdict as against the weight of the evidence was denied and an amended judgment was entered dismissing the complaint.

Plaintiff's contention that Supreme Court erroneously denied her motion to set aside the verdict as against the weight of the evidence is without merit. It is axiomatic that "a jury verdict will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" *(Wierzbicki v Kristel,* 192 AD2d 906, 907; *see, Nicastro v Park,* 113 AD2d 129, 134). "Indeed, great deference should be given to a jury's determination * * * particularly in a tort case where the verdict was in favor of the defendant" *(Wierzbicki v Kristel, supra,* at 907).

In the case at bar, there was conflicting medical evidence on the issue of whether defendant's negligence was the proximate cause of plaintiff's alleged injuries. Defendant placed before the jury evidence indicating that plaintiff had a preexisting neck injury after plaintiff had denied that she injured her neck in two prior accidents, one in 1984 and the other in 1988. A medical record following her 1988 accident indicated that the 1988 accident "exacerbated her low back and neck pain again" and that plaintiff reported "that the neck and low back pain never truly went away the last time, and was sort of an ongoing, chronic problem with her, but since this accident it has gotten much worse again". The record also revealed that plaintiff's last physical therapy session for treatment of her neck and cervical spine was about April 1988 and that she continued chiropractic treatment at least until November 28, 1988. Thus, a reasonable jury could have concluded from the evidence that plaintiff's preexisting neck injury was not a-symptomatic at the time of the July 5, 1989 accident *(compare, Crocetto v Alvarez,* 185 AD2d 541; *West's Motor Frgt. v Meltzer,* 143 AD2d 982, *appeal dismissed* 73 NY2d 916) and that the 1989 accident did not exacerbate or accelerate her preexisting neck injury.

Plaintiff's claim that Supreme Court improperly precluded her medical expert from testifying that an MRI test of the cervical spine performed on September 24, 1990 showed that plaintiff had bulging discs at C5-C6 and C6-C7, because that

injury was at variance with the injuries specified in the bill of particulars, is rejected. In upholding defendant's objection to admission of the disputed testimony, the court opined that "there is a big difference between a bulging disk" and the injuries specified. The bill of particulars stated various injuries, including "acute cervical and lumbar strain * * * narrowing of the C5-C6 and C6-C7 disc space with osteophyte formation; degenerative disc disease with spondylosis * * * limited range of motion * * * [and] numbness". Additionally, in paragraph 15 of the bill of particulars plaintiff specified that she incurred the following additional expense:

"Capital Imaging Association, P. C.
"PO Box 5247
"Albany, New York 12205
"09/24/90                          $757.68"

Plaintiff also provided defendant with authorization in 1989 allowing defendant access to plaintiff's medical, employment and no-fault insurance records. However, plaintiff did not provide defendant with a copy of the results of the MRI test or serve a supplemental bill of particulars. Nor did plaintiff advise defendant by letter, phone or in person of the bulging disc claim before the objection was raised at trial. The record on appeal indicates that the MRI report from Capital Imaging Association, P. C. bears the date of September 24, 1990, plaintiff's name and address, A.S. Cinque's name and address and lists him as the referring doctor. A Capital Imaging Association, P. C. statement dated October 30, 1990 addressed to plaintiff indicates that an MRI billing was sent out on September 25, 1990 apparently to a primary insurer. Significantly, Cinque sent a letter to plaintiff's counsel, dated March 27, 1991, informing him of plaintiff's impairment rating and referring to the fact that the MRI was done but it did not furnish the test results. Plaintiff's counsel sent defense counsel two reports from Cinque which did not give the MRI results or any copy of the MRI report.

Testimony concerning a specific injury not mentioned in the bill of particulars should be excluded *(see, Kenney v Zimmerman,* 185 AD2d 690) unless it can be shown that the opposing party should have known of such injury *(see, Holbrook v Jamesway Corp.,* 141 AD2d 905; *Porter v Shapiro,* 124 AD2d 794)*. In our view the failure to timely apprise defendant by motion or otherwise that plaintiff would claim that bulging discs caused the alleged numbness and radicular pain in plaintiff's arms and fingers before the testimony of Cinque warranted preclusion of the disputed testimony *(see, Ramsey v*

*Owens,* 159 AD2d 930). Defense counsel noted that the only reports that he received from the office of plaintiff's counsel were two reports from Cinque which did not mention bulging discs. In the circumstances, plaintiff's failure to advise defense counsel of the bulging discs appears misleading and contributes to an assumption that the MRI test was negative. Accordingly, on these facts we decline to disturb Supreme Court's preclusion ruling. Further, plaintiff failed to make an offer of proof to show in what way the bulging disc caused the radicular pain and numbness in plaintiff's arms and fingers as distinguished from the effect of the narrowing of the disc spaces due to degenerative changes. Plaintiff offered no evidence that the discs had not been caused by a prior accident or that they did not preexist the accident of July 5, 1989.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the amended judgment is affirmed, with costs.