■ DAVID C. BORTEL et al., Appellants, v MATTHEW M. BURKE et al., Respondents. (Appeal No. 1.) [617 NYS2d 609] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages only to plaintiff David C. Bortel in accordance with the following Memorandum: We reject the contentions of plaintiffs that they were deprived of a fair trial by defense counsel's comments on summation, that Supreme Court erred in admitting certain medical records of plaintiff David C. Bortel, that the jury's apportionment of liability between the parties is against the weight of the evidence, and that the jury's finding that plaintiff Holly J. Bortel did not sustain a serious injury as defined by Insurance Law § 5102 (d) is against the weight of the evidence. We conclude, however, that the jury's finding that David C. Bortel did not sustain damages as a result of the accident is against the weight of the evidence. Additionally, we conclude that the court should have granted the motion of plaintiffs to set aside that finding as against the weight of the

evidence (see, CPLR 4404 [a]; *Meltzer v West's Motor Frgt.,* 143 AD2d 982, *appeal dismissed* 73 NY2d 916). The jury's finding that David C. Bortel did not sustain damages as a result of the accident "could not have been reached on any fair interpretation of the evidence" *(Rochester Tel. Corp. v Green Is. Constr. Corp.,* 71 AD2d 798, 799, *affd* 51 NY2d 788; *see generally, Bolles v County of Cattaraugus,* 162 AD2d 975; *Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, *lv denied* 68 NY2d 608). While there is conflicting evidence in the record whether certain injuries were preexisting, it is uncontroverted that David C. Bortel sustained a fractured sternum as a result of the accident, spent approximately five hours in the emergency room of Millard Fillmore Hospital and underwent numerous tests while there. Thereafter, he was treated by his personal physician.

Therefore, we grant in part plaintiffs' motion and vacate that part of the judgment dismissing the complaint of David C. Bortel and grant him a new trial on the issue of damages only. The judgment is otherwise affirmed. (Appeal from Judgment of Supreme Court, Erie County, Joslin, J.—Negligence.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Davis, JJ.