■ PAUL GRASSI et al., Appellants, v KURT ULRICH et al., Respondents. [622 NYS2d 994] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered November 26, 1993 in Ulster County, upon a verdict rendered in favor of defendants.

Plaintiff Paul Grassi (hereinafter plaintiff) allegedly sustained injuries to his neck, left arm and left hand on August

24, 1990 when his car was struck in the rear by a car driven by defendant Kurt Ulrich (hereinafter defendant). Seeking to recover damages for personal injuries, loss of services and consortium, plaintiff and his wife commenced this negligence action against defendant and his mother, the owner of the vehicle. Prior to commencement of the jury trial, defendants stipulated that negligent operation of the vehicle driven by defendant caused the accident. At trial, plaintiffs contended that the accident activated or aggravated plaintiff's preexisting arthritic condition of his spine. The jury returned a verdict for defendants finding that the injuries suffered by plaintiff were not proximately caused by the accident. Plaintiffs moved to set aside the verdict as against the weight of the evidence. Supreme Court denied the motion. Plaintiffs appeal from the judgment dismissing their complaint.

Plaintiffs contend that Supreme Court erred when it denied their motion to set aside the verdict as against the weight of the evidence. From our examination of the record we conclude that Supreme Court's denial of the motion was proper. "A jury's verdict may be set aside as against the weight of the evidence 'only where the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " (Countermine v Galka, 189 AD2d 1043, 1045, quoting Schoch v Dougherty, 122 AD2d 467, 468, lv denied 69 NY2d 605 [citations omitted]; see, D'Angelo v Bryk, 205 AD2d 935; Wierzbicki v Kristel, 192 AD2d 906). The jury's determination must be accorded great deference, "particularly in a negligence case where the verdict was in favor of the defendant" (Carpenter v Albee, 192 AD2d 1004, 1004-1005; see, Wierzbicki v Kristel, supra, at 907). " 'The test is not whether a jury erred in weighing the evidence, but whether any viable evidence exists to support its verdict' " (Carpenter v Albee, supra, at 1005, quoting Durkin v Peluso, 184 AD2d 940, 941).

Defendants presented credible evidence that plaintiff's alleged injuries were caused by a preexisting neck condition which was not asymptomatic at the time of the accident (see, D'Angelo v Bryk, supra, at 936). The defense produced evidence from George Steiner, an orthopedic surgeon, who examined plaintiff in October 1991. Upon examination of plaintiff's magnetic resonance imaging (MRI) studies, he found osteophyte formations (spurs) in the cervical spine impinging on the dura, one of the sheaths of the spinal cord. He testified that these spurs had taken at least two years to develop and could cause pain, weakness and transient reflex changes and

would affect plaintiff's elbow, wrist, hand and fingers. Steiner also found a narrowing of the foramen in the cervical area of the spine, which he testified would account for radiating pain, weakness and sensory loss; in short, plaintiff's neck, related left arm and hand problems were the result of a preexisting degenerative condition and not the result of trauma to the neck arising from the accident.

Additional trial evidence showed that plaintiff began treating with his osteopathic physician, Bonnie Gintis, some eight months before the accident for lower back and neck conditions and, in the two months before the accident, for pain in his neck radiating into his left hand. Moreover, Gintis acknowledged on cross-examination that plaintiff had a long-standing arthritic condition in his spine and that such a condition might, on occasion, cause disability without any trauma to activate it. Despite the fact that plaintiff's evidence supported a contrary conclusion, there was sufficient evidence to support the jury's interpretation that the accident was not a proximate cause of plaintiff's alleged injuries (see, Esner v Janisziewski, 180 AD2d 991).

We also find no merit to plaintiffs' claim that defense counsel's trial conduct deprived them of a fair trial. We note the absence of a motion for a mistrial. Defense counsel's tactics did not "undermine[ ] the ultimate fairness of this trial" (DiMichel v South Buffalo Ry. Co., 80 NY2d 184, 199, cert denied sub nom. Poole v Consolidated Rail Corp., — US —, 114 S Ct 68).

Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.