■ ANGEL HOLMBERG, Appellant, v KATHLEEN M. TRAVERSE et al., Respondents. [623 NYS2d 953] —Mikoll, J. Appeals (trans-

ferred to this Court by order of the Appellate Division, Second Department) from two judgments of the Supreme Court (Patsalos, J.), entered December 22, 1992 in Orange County, upon a verdict rendered in favor of defendants.

This action was commenced by plaintiff to recover damages for personal injuries she sustained as the result of an automobile accident on November 16, 1989. Plaintiff was a front seat passenger in a vehicle owned by defendant Dean J. Traverse and operated by defendant Kathleen M. Traverse when it collided with a vehicle owned and operated by defendant Peter J. Condello. A bifurcated trial ensued. It is only the verdict rendered on the damage portion of the trial, finding that the accident was not the proximate cause of plaintiff's injuries, that is the subject of these appeals.

Examination of the record reveals that plaintiff first sought medical attention the day of the accident at Horton Memorial Hospital where her right knee was X-rayed. Approximately one week after the accident, plaintiff sought treatment from M. J. Jhaveri, a physician who treated her in the past for headaches, complaining that she was experiencing sharp pain in her right knee, which kept "buckling", and pain in her lower back. Plaintiff told Jhaveri that her knee had struck the dashboard of the car at the time of the collision. Jhaveri referred plaintiff to Robert Hendler, an orthopedic surgeon, who began treating her in April 1990 for her right knee problems. Hendler performed arthroscopic surgery on the knee in August 1990. Hendler testified that, according to plaintiff, the problem with her right knee resulted from hitting it on the dashboard at the time of the accident. He testified that the history he obtained from plaintiff at his initial consultation with her only included a nonorthopedic medical problem. She did not tell him of any prior knee problems. Despite medical records indicating past complaints of knee pain and an X-ray taken of her right knee due to complaints of pain, plaintiff testified that she did not remember ever having past problems with her knees.

Hendler's diagnosis, based on his findings during the physical examination of plaintiff and the history she gave to him, was that she had posttraumatic chondromalacia of the patella, i.e., some softening or damage to the smooth cartilage on the back of her kneecap secondary to a traumatic incident or an injury. Hendler stated that a direct blow to the kneecap is a classic way of developing chondromalacia and that is what he

believes happened to plaintiff. He further testified that in his opinion, based on a reasonable degree of medical certainty, the automobile accident caused plaintiff's chondromalacia. Hendler also concluded that plaintiff had a preexisting subluxating patella prior to the accident.

Martin Altchek, an orthopedic surgeon, examined plaintiff on behalf of defendants in November 1991 and reviewed her medical history. Assuming that plaintiff complained of right knee pain and knee swelling before the accident and that she had a subluxating patella, Altchek was of the opinion that she developed chondromalacia before the accident.

The jury found that the accident was not the proximate cause of plaintiff's injuries. Plaintiff's motion to set aside the jury's verdict pursuant to CPLR 4404 (a) was denied. Plaintiff appeals.

Plaintiff's contention that the jury verdict is contrary to the weight of the evidence, and therefore Supreme Court's denial of her motion to set it aside should be reversed and a new trial granted, is not persuasive. The evidence in this case does not so greatly preponderate in plaintiff's favor, as the movant, "that the jury could not have reached its conclusion [in favor of defendants] on any fair interpretation of the evidence" *(Schoch v Dougherty,* 122 AD2d 467, 468, *lv denied* 69 NY2d 605). The conflicting expert opinion evidence concerning the cause of plaintiff's chondromalacia and plaintiff's own conflicting testimony created credibility questions for the jury to resolve *(see, Wierzbicki v Kristel,* 192 AD2d 906, 907-908; *Kirkpatrick v Timber Log Homes,* 190 AD2d 1072). Significantly, Hendler's diagnosis of posttraumatic chondromalacia of the patella was based on his physical examination and the history plaintiff gave to him. The proof indicated, however, that plaintiff never told Hendler about her prior complaints of knee pain and swelling; rather, according to his records, the history she gave to him only included a nonorthopedic medical problem. The fact that she reported no prior knee problems was a factor on which he relied in making his diagnosis.

Although Altchek generally admitted that trauma can aggravate chondromalacia, the proof was insufficient to unequivocally support that conclusion in this case. Plaintiff's testimony that she did not recall her prior knee pain undermines her credibility and the jury could reasonably have rejected her entire testimony on that basis. Thus, the jury could reasonably have found, as it did, that the accident was not the proximate cause of plaintiff's knee injury *(see, Wierzbicki v Kristel, supra).*

Plaintiff's argument that Supreme Court erred in not allowing her to develop Altchek's alleged bias and prejudice against personal injury plaintiffs in general and his strong personal dislike of Hendler is rejected. We find no abuse of Supreme Court's discretion in its rulings on this issue *(see, Gutierrez v City of New York,* 205 AD2d 425, 427). Plaintiff was permitted to fully explore Altchek's defense-oriented disposition during cross-examination.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgments are affirmed, with one bill of costs.