■ In the Matter of DARREN BARBOZA, Appellant, v STATE OF NEW YORK, DEPARTMENT OF ENVIRONMENTAL CONSERVATION, et al., Respondents. [628 NYS2d 460] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Harris, J.), entered January 18, 1994 in Albany County, in favor of respondents in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, and (2) from an order of said court, entered January 18, 1994 in Albany County, which denied petitioner's motion for reconsideration.

On an annual basis commencing in 1984, petitioner was seasonally employed by respondent New York State Depart-

ment of Environmental Conservation (hereinafter EnCon); petitioner was assigned to the Green Island Campgrounds, Lake George Islands Operations, and held titles of Park and Recreation Aide and Laborer. He applied for seasonal employment in 1992 and was hired; however, he was not placed on an employee "key list".* Petitioner asserts that Jody Burke, the stepson of Leroy Ryder, the supervisor of the Lake George Islands Campgrounds, was unfairly placed on the "key list" for 1992 to the exclusion of petitioner. Ultimately, Burke did not accept employment with EnCon for the 1992 season. Other applicants whose names appeared on the "key list" commenced employment on April 6, 1992; petitioner was not called into work until May 4, 1992.

Petitioner commenced this litigation alleging that Ryder unfairly favored Ryder's brother (Wayne Ryder), Ryder's friend (Terry La Goy) and Ryder's stepson (Burke) over petitioner for placement on the "key list" and the extended employment afforded to those on the list. Petitioner argues that respondents' conduct violated NY Constitution, article V, § 6 and Public Officers Law § 74 (3) (f), and further that respondents acted in an arbitrary and capricious manner when they denied him certain employment opportunities. NY Constitution, article V, § 6 requires that all appointments in the civil service of the State be made according to merit and fitness. Public Officers Law § 74 (3) (f) prohibits a State employee from conducting himself or herself in a manner evincing the ability to be affected by kinship. Petitioner sought a judgment granting declaratory relief and backpay.

Supreme Court initially found that "[t]he submissions of the parties raise triable issues of fact with respect to whether petitioner was terminated due to his lack of certain skills or because he was not a friend or relative of certain management personnel. Accordingly, a hearing on such issues shall be held." A jury trial was held and at the close of the case the jury was presented a special verdict form, without objection by either side. By special verdict, the jury voted that respondents' failure to hire petitioner for any fall or spring season work was not based on preferences given to Wayne Ryder or La Goy; however, the jury found that there was preference given to Burke for one year "based upon family relationship to or friendship with" Leroy Ryder. Respondents immediately moved to set aside the jury verdict as it related to Burke on the ground that the evidence showed that Burke did not accept a position

---

* "Key list" employees are called in early in the season to get the campgrounds prepared for the camping season.

in 1992 and, therefore, could not have been given preferential treatment for that year. Supreme Court granted the motion, ruling on the record that "there is no evidence that the placing of Jody Burke on the key list was made based upon any nepotism" and, further, that "there is nothing upon which to base a finding of arbitrary and capricious" conduct. Petitioner appeals from the resulting judgment and from a subsequent order denying his motion for reconsideration.

"The established rule is that a jury verdict will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Wierzbicki v Kristel*, 192 AD2d 906, 907; *see, Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Nicastro v Park*, 113 AD2d 129, 134). Upon a careful review of the pleadings and the testimony in this case, we affirm. The record is devoid of any evidence that Burke displaced petitioner on the "key list". Furthermore, Supreme Court correctly found that there was no evidence to support petitioner's assertion that Burke was put on the list because of his relationship to Leroy Ryder. Respondents' witnesses related a rational explanation of the hiring policies and practices at the Lake George Islands Operations. Finally, Supreme Court correctly determined that respondents' actions were not arbitrary or capricious.

We further conclude that petitioner's failure to address the remaining issues in his brief on appeal represent an abandonment of those issues (*see, Morey v Sings*, 174 AD2d 870).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment and order are affirmed, without costs.