■ PAUL GRASSI et al., Appellants, v KURT ULRICH et al., Respondents. [642 NYS2d 560] —Cardona, P. J. Appeal (upon remittal from the Court of Appeals) from a judgment of the Supreme Court (Torraca, J.), entered November 26, 1993 in Ulster County, upon a verdict rendered in favor of defendants.

The relevant facts and issues pertaining to this appeal were set forth in our prior decision (212 AD2d 953). By a unanimous court, we affirmed the judgment dismissing the complaint after Supreme Court denied plaintiffs' motion to set aside the jury's verdict. Upon appeal, the Court of Appeals determined that the appropriate standard of our review on the motion to set aside the jury's verdict as against the weight of the evidence should have been " 'whether "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (87 NY2d 954, 956, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746, quoting Moffatt v Moffatt, 86 AD2d 864, affd 62 NY2d 875).

Upon our review of the evidence presented in this case, we cannot say that it so preponderated in plaintiffs' favor as to exclude the jury's interpretation, fairly made, that the accident did not cause or aggravate the spinal condition responsible for plaintiff Paul Grassi's disability.

Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVERNON LE GRAND, JR., Appellant. [642 NYS2d 562] —Appeal from a judgment of the County Court of Sullivan County (Williams, J.), rendered August 25, 1994, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defense counsel seeks to be relieved of further representing defendant on the basis that there are no nonfrivolous issues that can be raised on appeal. We agree with defense counsel's contention after having reviewed the record and defense counsel's brief. Defendant entered a knowing, voluntary and intelligent plea of guilty to the crime of burglary in the second degree. His sentence was legal and in accordance with the plea agreement. Accordingly, the judgment is affirmed and defense counsel's application for leave to withdraw is granted (see, People v Cruwys, 113 AD2d 979, lv denied 67 NY2d 650).

Mercure, J. P., Crew III, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.