■ GILLES BOUCHARD, Appellant, v CHAMPLAIN ENTERPRISES, INC., Respondent. [862 NYS2d 405]—

Malone Jr., J. Appeals (1) from a supplemental judgment of the Supreme Court (Dawson, J.), entered June 27, 2005 in Clinton County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered June 27, 2005 in Clinton County, which denied plaintiff's motion to set aside the verdict.

The facts of this case are more fully provided in a previous decision of this Court (279 AD2d 935 [2001]), but will be briefly restated here. The parties executed a general partnership agreement in 1990 for the purposes of constructing and operating a marina and boat storage facility on Lake Champlain in Clinton County. However, after the partnership arrangement faltered, plaintiff was excluded from the operation of the marina and commenced this action in 1994. Defendant counterclaimed against plaintiff, seeking, among other things, money damages and dismissal of the complaint.

A trial was conducted by Supreme Court in February 2005 and the jury determined that defendant had breached the agreement to convey the lakefront lot to plaintiff and awarded plaintiff $140,000 in damages. In addition, the jury found that plaintiff had breached the partnership agreement by not making any capital contributions, resulting in $1,284,319 in damages to defendant. Subsequently, the court denied plaintiff's motion to set aside the verdict and awarded defendant the difference between the damages awarded to plaintiff and defendant, in the amount of $1,144,319. Plaintiff now appeals from both the order and supplemental judgment.

Plaintiff appears to contend that Supreme Court erred by denying his motion to set aside the jury's verdict as being unsupported by legally sufficient evidence and as contrary to the weight of the evidence presented at trial. Specifically, he argues that defendant failed to demonstrate that he had consented, as required by the terms of the partnership agreement, to certain expenditures made by defendant. Plaintiff further argues that, inasmuch as defendant did not prove that the parties ever

agreed to make capital contributions, defendant failed to establish that he had breached any such agreement. A jury's verdict may be set aside as unsupported by legally sufficient evidence where " 'there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*O'Connor v Sleasman*, 37 AD3d 954, 956 [2007], *lv denied* 9 NY3d 806 [2007], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see SCC Assoc. v Manufacturers & Traders Trust Co.*, 9 AD3d 809, 811 [2004]). To set aside a verdict as against the weight of the evidence, a court must determine whether " 'the evidence so preponderate[d] in favor of the [moving party] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995], quoting *Moffatt v Moffatt*, 86 AD2d 864, 864 [1982], *affd* 62 NY2d 875 [1984]; *see Black v City of Schenectady*, 21 AD3d 661, 662 [2005]).

Under the terms of the partnership agreement, defendant contributed $750,000, $250,000 of which was distributed to plaintiff and the remaining $500,000 paid for "additional costs associated with the completion of the marina." The agreement further provided that any expenditures made in excess of defendant's initial $500,000 contribution were to be made according to each party's ownership interest, thereby obligating plaintiff to pay one half of any capital improvement. Defendant's witnesses indicated that, after the $500,000 contribution was exhausted in 1991, defendant continued to make payments to the partnership towards the continued operation of the marina. Despite numerous requests by defendant, plaintiff refused to make any financial contribution. Defendant eventually ceased making additional contributions to the partnership and, after a mortgage on the marina in plaintiff's name was subject to foreclosure, defendant purchased the marina outright at the subsequent foreclosure sale.

Contrary to plaintiff's assertion that he never gave his consent to various expenditures, including the construction of a swimming pool, gazebo, tennis courts and a boat house, the evidence demonstrates that plaintiff, as manager of the marina's daily operations, was responsible for writing the checks for these expenditures. In addition, although defendant provided plaintiff with annual state and federal tax returns, which, pursuant to the partnership agreement, served as the general accounting of all of the partnership's financial transactions, as well as computer access to the partnership's financial records, plaintiff conceded at trial that he never requested a formal accounting or

voiced any objections to the partnership's capital expenditures. More importantly, plaintiff's construction company was retained to build the boat house and make other capital improvements to the marina property.

Finally, although plaintiff contends that the jury award of damages to defendant had no evidentiary basis, defendant's witnesses averred that, as the marina project evolved, it became apparent that additional capital was required in order to complete its construction and to make the marina a viable business venture. Trial testimony revealed that defendant contributed more than $2.4 million to the partnership over the course of several years "for the continued operations" of the marina, while plaintiff failed to make any investment. Accordingly, when such evidence is viewed in a light most favorable to defendant (*see Martin v Clark*, 47 AD3d 981, 983 [2008]), we conclude that the jury's determination that plaintiff breached his contractual obligation to make pro rata capital contributions to the partnership, resulting in $1,284,319 in damages to defendant, was rationally based. Moreover, according deference to the jury's assessment of the trial evidence (*see Heilbrunn v Town of Woodstock*, 50 AD3d 1377, 1378 [2008]; *Horner v Way*, 257 AD2d 819, 820 [1999]), we find that the verdict was not against the weight of the evidence. After reviewing the balance of plaintiff's challenges, we find them to be either unpreserved or without merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the supplemental judgment and order are affirmed, with costs.