Ordonez v ADM Agravit, Inc. (2022 NY Slip Op 03396)





Ordonez v ADM Agravit, Inc.


2022 NY Slip Op 03396


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-12335
 (Index No. 515398/15)

[*1]Yadira Ordonez, respondent, 
v
ADM Agravit, Inc., et al., appellants.


Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for appellants.
Salerno & Goldberg, P.C., Deer Park, NY (Allen Goldberg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated September 20, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied.
The plaintiff allegedly was injured when the vehicle she was operating was struck in the rear by a dump truck owned by the defendant ADM Agravit, Inc. (hereinafter ADM), and operated by Howard Robert Wolkin. According to the plaintiff's deposition testimony, her vehicle was the first vehicle stopped at a red light when Wolkin's dump truck struck it from behind. Wolkin, however, stated in an affidavit that his dump truck was the first vehicle to stop at the red light, and that due to the height of the truck and the length of the truck's hood he could not see the plaintiff's vehicle until he exited his truck after the accident. He further asserted that the plaintiff's vehicle "crept" ahead of him from the parking lane, entirely within his blind spot.
The plaintiff commenced this action against ADM and Wolkin to recover damages for personal injuries. During the pendency of the action, Wolkin died, and the Public Administrator of Nassau County was substituted in his place. The plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated September 20, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendants appeal.
It is well established that "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Atkins v City of New York, 196 AD3d 622, 622). "A nonnegligent explanation includes, but is not limited to, sudden or unavoidable circumstances" (Richter v Delutri, 166 AD3d 695, 696 [internal quotations omitted]).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of [*2]law on the issue of liability by submitting the transcript of her deposition testimony in which she testified that Wolkin's truck struck the rear of her vehicle while she was stopped at a red light. In opposition, however, the defendants raised a triable issue of fact as to whether Wolkin was negligent (see Savall v New York City Tr. Auth., 173 AD3d 566, 567; cf. Carpenter v Albee, 192 AD2d 1004, 1005). The defendants submitted, inter alia, Wolkin's affidavit and an expert report, which included photographs of an accident reconstruction and a detailed analysis incorporating the accounts of the accident provided by the plaintiff and Wolkin. This evidence corroborated Wolkin's assertion that he could not see the plaintiff's vehicle move in front of his truck. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court