Fumo v Ortiz (2025 NY Slip Op 04764)

Fumo v Ortiz

2025 NY Slip Op 04764

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-06970
 (Index No. 152255/22)

[*1]John Fumo, appellant, 
v
Alexander Ortiz, et al., respondents.

Leav & Steinberg, LLP, New York, NY (Daniel T. Leav of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Paul Marrone, Jr., J.), dated May 31, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and culpable conduct.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when his vehicle was struck in the rear by a tractor operated by the defendant Alexander Ortiz and owned by the defendant QPR Trucking, LLC. In their answer, the defendants asserted, among other things, affirmative defenses alleging comparative negligence and culpable conduct. Thereafter, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and culpable conduct. In an order dated May 31, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries. A plaintiff is no[t] . . . required to show freedom from comparative fault in establishing his or her prima facie case" (Shanyou Liu v Joerg, 223 AD3d 762, 763 [citations and internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 317-325). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence" (Frankel v Jaroslawicz, 225 AD3d 742, 743).
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d 885, 887 [alteration and internal quotation marks omitted]; see Vehicle and Traffic Law § 1129[a]). "Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of [*2]negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Maurice v Donovan, 235 AD3d 633, 634 [internal quotation marks omitted]). A nonnegligent explanation may include sudden or unavoidable circumstances, such as a mechanical failure, an unexplained stop of the vehicle ahead, a sudden lane change in front of a defendant's vehicle, or any other reasonable cause (see Pei-Qin Wang v Rodriguez, 235 AD3d 887, 887; Donnellan v LaMarche, 221 AD3d 783, 784; Ordonez v ADM Agravit, Inc., 205 AD3d 1042, 1043).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting a copy of the transcript of his deposition, wherein he testified that his vehicle was stopped due to traffic when it was struck in the rear by the defendants' vehicle (see Fischetti v Simonovsky, 227 AD3d 670, 671-672; Quintanilla v Mark, 210 AD3d 713, 714). Further, the plaintiff established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence and culpable conduct by demonstrating that he was not at fault in the happening of the accident (see Quintanilla v Mark, 210 AD3d at 714).
However, in opposition, the defendants raised triable issues of fact as to the existence of a nonnegligent explanation for striking the rear of the plaintiff's vehicle (see Pei-Qin Wang v Rodriguez, 235 AD3d at 888). The evidence submitted by the defendants raised triable issues of fact as to whether the defendants were negligent and whether the plaintiff was comparatively at fault (see Rezza v Chen, 237 AD3d 764, 765; Ordonez v ADM Agravit, Inc., 205 AD3d at 1043).
Accordingly the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and culpable conduct.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court