■ GARY L. WHITE et al., Appellants, v DUFFY E. HOYT et al., Respondents. [636 NYS2d 863] —White, J. Appeals (1) from a judgment of the Supreme Court (Ellison, J.), entered July 26, 1994 in Chemung County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered July 26, 1994 in Chemung County, which denied plaintiffs' motion to set aside the verdict.

Plaintiffs commenced this negligence action seeking damages and derivative losses they allegedly sustained as the result of a low-speed collision between the pickup truck operated by plaintiff Gary L. White (hereinafter plaintiff) and a van operated by defendant Duffy E. Hoyt (hereinafter defendant) that occurred on July 20, 1992 in the City of Elmira, Chemung County. At the conclusion of the trial, the jury returned a verdict finding both plaintiff and defendant negligent but failed to award plaintiffs damages. In response to Supreme Court's inquiry, the jury indicated that it had found that defendant's negligence was not the proximate cause of plaintiff's injuries. This appeal ensued following Supreme Court's denial of plaintiffs' motion to set aside the verdict.

As we accord great deference to a jury verdict, we will not set one aside unless there is simply no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (see, Campbell v City of Elmira, 198 AD2d 736, 737, affd 84 NY2d 505).

The record evidence shows that plaintiff was treated by his family physician and went to physical therapy for a few months after the accident. In December 1992, because he could not tolerate the pain he was experiencing, plaintiff was referred to a neurosurgeon who ordered a MRI, which revealed that plaintiff had a herniated disk in his cervical spine. Both plaintiff's treating orthopedist and defendants' doctor agreed that this condition is permanent and a competent producing cause of pain; however, neither causally related it to plaintiff's accident. There was also evidence that in a job application plaintiff filled out in October 1992, he indicated that as of that date he had no physical complaints, that the only injury to his neck, back or spine occurred in 1980 and that he did not experience any numbness or tingling of his hands or feet, symptoms associated with a herniated disk.

Viewing this evidence in the light most favorable to defendants, as we must (see, Casey v Slattery, 213 AD2d 890, 891), we conclude that the jury's verdict is not irrational given the minor nature of the accident, the absence of proof of a causal

relationship between the accident and plaintiff's injury and plaintiff's answers on the job application indicating that he was injury free three months after the accident. Accordingly, we affirm (see, *Brooks v Adams*, 204 AD2d 938). In light of our analysis, we find it unnecessary to discuss the other issue raised by plaintiff.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed, with costs.