■ KAREN JAQUAY et al., Appellants, v AARON J. AVERY et al., Respondents. [664 NYS2d 651] —Mercure, J. Appeal from a judgment of the Supreme Court (Mycek, J.H.O.), entered September 12, 1996 in Fulton County, upon a verdict rendered in favor of defendants.

Plaintiff Karen Jaquay (hereinafter plaintiff) brought this action to recover for injuries to her cervical spine that she allegedly sustained in a March 4, 1994 automobile collision. Although Supreme Court directed judgment on the issue of negligence, finding as a matter of law that defendant Aaron J. Avery was solely responsible for the collision, the jury found that Avery's negligence was not a proximate cause of plaintiff's injuries. Plaintiffs appeal, contending only that the verdict was against the weight of the evidence. We disagree and accordingly affirm.

A verdict rendered in favor of a defendant may be success-

fully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Adler v Londner*, 228 AD2d 1003; *Burns v Gooshaw*, 225 AD2d 980, 981). Here, although it is undisputed that plaintiff suffered from a herniated cervical disk, requiring surgery in April 1995, there was credible trial evidence sufficient to support a finding that plaintiff suffered from that condition prior to the March 4, 1994 collision. Notably, although plaintiff was willing to acknowledge no more than preexisting stiffness in her neck, medical records of her treating osteopath evidenced a long-standing cervical condition. Between August 15, 1989 and February 24, 1994, plaintiff was treated no less than 13 times for neck stiffness, pain or spasm. Plaintiff was also referred for physical therapy, which she underwent at least four times, and diagnostic testing for that condition. At the time of plaintiff's February 24, 1994 visit, which occurred only one week prior to the collision, plaintiff complained of continued neck stiffness and pain, left shoulder elevation and numbness in her left arm. Also significant is the fact that, following the collision, plaintiff failed to advise either her treating family physician or the orthopedist who performed plaintiff's disk surgery of her prior history of cervical problems. Finally, noting that plaintiff's complaints following the collision were substantially the same as those she had related to her treating osteopath over a period of years, defendants' examining orthopedist testified as to his medical opinion that plaintiff's cervical disk problem predated the collision.

Under the circumstances, the opinion expressed by plaintiff's treating orthopedist that plaintiff's disk problem was caused by the accident merely presented an issue of credibility for the jury to resolve (*see, Holmberg v Traverse*, 213 AD2d 924, 926). Fundamentally, when faced with conflicting evidence it is a jury's obligation to assess credibility and great deference is given to a jury's interpretation of evidence that has sufficient support in the record, even if there is credible evidence to the contrary (*see, Olszowy v Norton Co.*, 159 AD2d 884, 886, *lv denied* 76 NY2d 704; *Halvorsen v Ford Motor Co.*, 132 AD2d 57, 60, *lv denied* 71 NY2d 805).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.