■ KIMBERLY M. RUSO, Respondent, v DANA J. OSOWIECKY et al., Appellants. [681 NYS2d 661] —Spain, J. Appeal from a

judgment of the Supreme Court (Canfield, J.), entered August 7, 1997 in Albany County, upon a verdict rendered in favor of plaintiff.

On February 14, 1991, plaintiff suffered severe injuries when the vehicle in which she was traveling along Interstate Route 787 in Albany County was struck by a tractor-trailer operated by defendant Dana J. Osowiecky (hereinafter defendant) and owned by defendant Frank T. Osowiecky, Jr. The record reveals that just prior to the accident, the three-lane roadway was covered with an inch or more of slushy snow, traffic was light, it was not quite daylight yet and plaintiff's car was traveling in the center lane. Plaintiff's vehicle was followed immediately by a car driven by Linda McClaney, an eyewitness, who in turn was followed by a third car; the identity of the operator of the third car was never discovered. Defendant's tractor-trailer was approximately 240 feet behind the third car, also traveling in the center lane just prior to the accident. It is undisputed that defendant pulled into the left lane and successfully passed the two other vehicles prior to making contact with plaintiff's car.

Plaintiff subsequently commenced this action. Following an earlier trial, wherein a directed verdict was entered in favor of defendants, this Court reversed and ordered a new trial (*Mooney v Osowiecky*, 235 AD2d 603). Following a second trial, the jury returned a verdict which found both plaintiff and defendant negligent but that only defendant's negligence was a proximate cause of plaintiff's injuries; plaintiff was awarded $450,000 for past pain and suffering and $275,000 for future pain and suffering. After the verdict was rendered, defendants moved orally to set aside the verdict as against the weight of the evidence and as being inconsistent as far as the finding that plaintiff's negligence was not a proximate cause of her injuries; defendants also moved to set aside the verdict as excessive. Supreme Court denied defendants' motions and judgment was entered on the verdict in the amount of $738,137.20, together with costs of $4,449.40, for a total of $742,586.60. Defendants now appeal.

Initially, we reject defendants' contention that the jury's verdict was against the weight of the evidence. It is well settled that a jury verdict will be set aside as being against the weight of the evidence when the jury could not have reached the verdict by any fair interpretation of the evidence (*see, Rosabella v Fanelli*, 225 AD2d 1007; *Aylesworth v Evans*, 225 AD2d 850; *Wierzbicki v Kristel*, 192 AD2d 906). Such a determination is discretionary and involves balancing many factors. The ultimate test is whether any viable evidence exists to support the verdict (*see, Durkin v Peluso*, 184 AD2d 940).

Here, defendants contend that in the absence of any explanation for plaintiff's loss of control of her car, any fair interpretation of the evidence required some apportionment of negligence against plaintiff. We disagree. Defendant's pretrial testimony and his trial testimony contained inconsistencies; moreover, McClaney's testimony conflicted with defendant's version of the events leading up to the accident. Significantly, McClaney testified that although she was operating the car directly behind plaintiff, she was able to safely stop and avoid a collision with plaintiff's car. Although plaintiff may have negligently lost control of her car, both of the cars immediately behind her managed to avoid colliding with plaintiff. Notably, according to plaintiff, she has no memory of the accident because of her head injury.

Viewing the evidence in a light most favorable to plaintiff, it could reasonably be concluded that it was defendant's decision to attempt to pass the cars that was the sole substantial factor which caused the accident (*see, Schaefer v Guddemi*, 182 AD2d 808; *Sorensen v Nazarian*, 175 AD2d 417). Upon our review of the record, a fair interpretation of the evidence would support the conclusion that defendant had ample opportunity to avoid the collision by slowing down and stopping behind McClaney's car instead of pulling into the left lane to pass. In our view, Supreme Court properly denied defendants' motion to set aside the verdict as against the weight of the evidence.

We next conclude that the jury's findings that plaintiff was negligent, but that her negligence was not a proximate cause of her injuries, were not irreconcilably inconsistent. Defendants' contention that the jury's finding of plaintiff's negligence necessitated a finding that plaintiff's negligence was a proximate cause of her injuries is unpersuasive. "A jury's finding that a party was at fault but that that fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (*Schaefer v Guddemi, supra*, at 809, quoting *Rubin v Pecoraro*, 141 AD2d 525). McClaney testified that she believed that plaintiff's vehicle had come to rest before the impact, and it is uncontested that both of the cars immediately behind plaintiff managed to avoid a collision. Consequently, Supreme Court properly denied that portion of defendants' motion.

We also reject defendants' contention that Supreme Court erred by allowing plaintiff to offer expert testimony in rebuttal. Here, the record reveals that plaintiff established a prima facie

case without the use of expert testimony and that it was defendants who first presented the issue of accident reconstruction. The testimony of plaintiff's expert merely countered defendant's expert presentation (*cf.*, *Baumis v General Motors Corp.*, 106 AD2d 789, *affd* 66 NY2d 777; *Yeomans v Warren*, 87 AD2d 713). Therefore, Supreme Court did not abuse its discretion in permitting the rebuttal testimony.

Next, we reject defendants' contention that the jury's verdict was excessive. Defendants argue that the awards for past and future pain and suffering materially deviate from reasonable compensation and should be overturned (*see*, *Coutrier v Haraden Motorcar Corp.*, 237 AD2d 774; *Santucci v Govel Welding*, 168 AD2d 845). The record reveals, however, that as a result of the accident plaintiff suffered a severe head injury, a crushing fracture of the right tibia and a broken right fibula. Plaintiff's right leg will remain slightly larger in circumference than her left leg and continues to bear a large visible scar; her scars were shown to the jury. The record clearly establishes that plaintiff has significant scarring which can only be reduced by surgery, which, given the repeated surgeries plaintiff has already endured as a result of this accident, she is understandably unwilling to undergo. Plaintiff has been advised to avoid heavy lifting and, as a result, could not return to her previous employment as an elder care technician. Plaintiff has ongoing intermittent back pain and is predicted to continue to suffer from subtle residual deficits in cognitive functioning and emotional activity. Her future life expectancy is another 50 years.

In our view, plaintiff's future enjoyment of the activities she enjoyed prior to the accident has been at least marginally compromised, and given her life expectancy the award of $275,000 for future pain and suffering was reasonable compensation. As to past pain and suffering, plaintiff's multiple injuries, multiple surgeries, loss of employment, inability to enjoy her normal activities, dependence upon the care of her parents and ex-husband, and her loss of cognitive abilities and memory justify the award of $450,000 (*see*, *Kirschhoffer v Van Dyke*, 173 AD2d 7).

Finally, we reject, as lacking in merit, defendants' contention that comments by plaintiff's counsel about a statement not in evidence were so egregious as to deprive defendants of a fair trial.

Cardona, P. J., Mercure, White and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.