■ CHARLES A. WINSLOW et al., Appellants, v CURTIS W. FREEMAN, Respondent. [684 NYS2d 299] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Ellison, J.), entered October 8, 1996 in Chemung County, upon dismissal of the complaint and counterclaims at the close of evidence.

Plaintiff Charles A. Winslow (hereinafter plaintiff) and defendant were co-workers at Steve Acuto Pontiac in the City of Elmira, Chemung County. This lawsuit is the result of a workplace altercation between the two in the course of which defendant struck plaintiff in the face, requiring medical treatment in the form of sutures to his nose. Plaintiff returned to work the next day, while defendant was terminated as a result of the incident. A jury trial ensued, with plaintiff testifying that while he was performing his duties as a mechanic, defendant struck him without provocation. Plaintiff's wife testified that as a result of her husband's pain and fatigue relating to

his injury, she suffered a loss of consortium. Defendant, while admitting that he struck plaintiff, testified that he did so in self-defense upon being approached by plaintiff in an aggressive and threatening manner. At the close of plaintiffs' case, Supreme Court denied defendant's motion to dismiss, but upon conclusion of defendant's case, the court dismissed plaintiffs' causes of action as well as defendant's counterclaims for tortious interference with a business relationship and prima facie tort. The only basis articulated by the court was that it found "no dispute sufficient to give to this jury". Plaintiffs appeal.

There must be a reversal and a new trial. Dismissal of a cause of action at the close of evidence is proper only when there are no disputed issues of fact and the nonmovant has failed to make out a prima facie case, so that by no rational process could a jury find in such party's favor (see, Szczerbiak v Pilat, 90 NY2d 553, 556; Fenton v Ives, 229 AD2d 704, 705). Here, plaintiff testified to a version of events which, if credited, established a prima facie case of battery. Defendant, on the other hand, testified that he struck plaintiff in self-defense. The evidence thus presented issues of fact and credibility questions whose resolution was within the exclusive province of the jury (see, Jaquay v Avery, 244 AD2d 730, 731), and it cannot be said that either party was entitled to judgment as a matter of law (see, CPLR 4401).

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.