■ Louis Reuter et al., Appellants, v Ingrid S. Rodgers et al., Respondents. [690 NYS2d 118] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an

order of the Supreme Court, Putnam County (Gurahian, J.H.O.), entered January 20, 1998, which denied their motion to set aside a jury verdict in favor of the defendants, and (2) a judgment of the same court, entered February 27, 1998, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs contend that the jury verdict which found that the defendant Ingrid S. Rodgers was negligent, but that her negligence was not a proximate cause of the plaintiff Louis Reuter's injuries is against the weight of the evidence. At trial, it was established that the injured plaintiff suddenly stepped into the road while looking to his right and without looking to his left. He stepped into the path of an oncoming vehicle that was traveling within the speed limit. The jury could have found that although Rodgers was negligent in failing to operate her vehicle in a safe and reasonable manner, the injured plaintiff was the sole proximate cause of his injuries. Thus, the verdict is supported by a fair interpretation of the evidence and should not be disturbed (*see, Keegan v Prout,* 215 AD2d 629; *see also, Nicastro v Park,* 113 AD2d 129, 134).

The plaintiffs' remaining contentions do not require reversal. S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.