■ ROBERT L. CARTER, Appellant, v JAN B. WEMPLE, Respondent. (And a Third-Party Action.) [699 NYS2d 580] —Graffeo, J. Appeal from a judgment of the Supreme Court (Best, J.), entered September 11, 1998 in Fulton County, upon a verdict rendered in favor of defendant.

This action was commenced by plaintiff to recover damages for personal injuries allegedly sustained when he was struck by an automobile on State Route 334 in the Town of Johnstown, Fulton County. Plaintiff was a passenger in a tractor-trailer operated by third-party defendant John Christman. Christman had parked the truck on the side of the northbound lane of Route 334 and plaintiff, having exited the cab of the truck, was standing in front of the vehicle. Defendant's automobile was traveling in the northbound lane of the two-lane highway and allegedly crossed into the southbound lane in order to drive around the tractor-trailer, which partially occupied the northbound lane. Attempting to pass the truck, the front wheel well and passenger side mirror of defendant's vehicle struck plaintiff. At the conclusion of the trial, a jury found that defendant was negligent but that his negligence was not a proximate cause of the accident. Plaintiff's motion to set aside the jury's verdict was denied by Supreme Court. Plaintiff now appeals, contending that the jury's findings were contrary to the weight of the evidence.

A jury's verdict shall be found to be against the weight of the evidence only where the verdict could not have been reached by the jury upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Coluccio v County of Albany*, 258 AD2d 756; *Maisonet v Kelly*, 228 AD2d

780, 781). Here, the jury was presented with conflicting versions of the accident. Plaintiff and Christman's brother-in-law, John Flansburg, who witnessed the incident from the front porch of his nearby house, testified that immediately prior to the accident plaintiff looked around the front of the tractor-trailer and upon seeing defendant's automobile approaching, stepped back toward the side of the road. Defendant, on the other hand, claimed that as he approached the parked truck, he slowed his automobile within the legal speed limit and moved into the southbound lane to maneuver around the truck. He alleged that the accident occurred in the southbound lane after plaintiff walked into the side of his vehicle. Another witness traveling in a vehicle in the vicinity of the accident testified that it appeared that plaintiff would be struck by defendant's car as plaintiff "was in pretty good stride".

In light of the contradictory testimony, and according substantial deference to the jury's ability to assess the credibility of the witnesses and weigh the conflicting evidence (see, Maisonet v Kelly, supra, at 781; Carpenter v Albee, 192 AD2d 1004), we find that the jury could have reasonably determined that any negligence by defendant in the operation of his motor vehicle was not a substantial cause of the accident, but rather that plaintiff's actions were the sole proximate cause of his injuries (see generally, Reuter v Rodgers, 261 AD2d 464; Gross v Napoli, 216 AD2d 524, 525; Schermerhorn v Warfield, 213 AD2d 877, 878; Rubin v Pecoraro, 141 AD2d 525, 527). We therefore affirm since the record does not reveal that the trial evidence so preponderated in favor of plaintiff that a contrary verdict could not have been reached upon any fair interpretation of the evidence presented at trial (see, Maisonet v Kelly, supra, at 781).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.