■ RONALD A. ACOVANGELO, Appellant, v JASON J. BRUNDAGE et al., Respondents. [706 NYS2d 757] —Spain, J. Appeal from

a judgment of the Supreme Court (Best, J.), entered September 30, 1998 in Montgomery County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when the bicycle he was riding collided with a motor vehicle driven by defendant Jason J. Brundage (hereinafter defendant) and owned by defendant Gary L. Jones. The testimony at trial established that defendant, traveling north on Union Street in the Village of St. Johnsville, Montgomery County, slowed down or stopped at a stop sign at the corner of Union and Main Streets and then proceeded well into the intersection of those streets. At that point the passenger side of his vehicle was struck by plaintiff, who was traveling west on Main Street. Defendant testified that he looked both ways before entering the intersection, but claimed that he never saw plaintiff prior to the collision. Plaintiff, however, testified that he observed defendant approach the stop sign and proceed into the intersection. At the conclusion of the trial, the jury found that defendant was negligent but concluded that his negligence was not a substantial factor in causing plaintiff's injuries, prompting an oral motion by plaintiff to set aside the verdict as against the weight of the evidence. Supreme Court reserved decision pending written submissions by the parties which, apparently, were never submitted. On plaintiff's appeal from the judgment dismissing the complaint, we affirm.

Initially, to the extent plaintiff contends that Supreme Court improperly denied his oral motion to set aside the verdict, that issue is not properly before this Court as the motion was abandoned. Following plaintiff's oral motion to set aside the verdict, plaintiff agreed as suggested by Supreme Court to submit papers on the motion within 15 days, the statutory time period (see, CPLR 4405). An examination of the record reveals that no such submissions were made. By failing to either comply with Supreme Court's directive or object to Supreme Court's failure to rule on the oral motion at the time it was made, we conclude that plaintiff abandoned the motion and, therefore, no appeal lies, as—in effect—no motion was made which would result in an appealable order (see, CPLR 5512).

Turning to plaintiff's appeal of the judgment entered upon the verdict, we reject plaintiff's contention that the jury's verdict was against the weight of the evidence. It is well settled that a jury's verdict in a defendant's favor will be set aside as against the weight of the evidence only where the evidence so

preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *McNaughton v Maslyn*, 267 AD2d 741; *Jaquay v Avery*, 244 AD2d 730). Viewing the evidence, as we must, in the light most favorable to defendant (*see, Ruso v Osowiecky*, 256 AD2d 839, 841; *White v Hoyt*, 223 AD2d 853), the jury could reasonably have concluded that plaintiff's failure to sufficiently brake and/or avoid the collision was the sole substantial factor which caused the accident.

According to plaintiff's testimony, he spotted defendant's car when it was 10 to 20 feet from the stop sign; he observed defendant hesitate but not stop at the stop sign and then proceed at 10 miles per hour into the intersection. Plaintiff, who had been traveling at a speed of approximately 15 miles per hour, assertedly began braking as soon as he realized defendant was not going to fully stop at the stop sign, but claimed that he was only able to reduce his speed to approximately 10 miles per hour. Plaintiff admitted, however, that after he began braking, defendant necessarily traveled 20 to 40 feet before the impact occurred, supporting the conclusion that plaintiff had an opportunity to stop or avoid running into the side of defendant's car. Indeed, plaintiff did not controvert defendant's testimony that, following the accident, plaintiff told defendant that when he saw defendant enter the intersection he thought defendant was going to turn, and only began braking when he realized defendant was proceeding straight through the intersection. Nevertheless, plaintiff insisted that he was unable to avoid the accident and argued that the proximate cause of the accident was defendant's negligence.

Resolution of the inconsistency between plaintiff's claim that he could not avoid the collision and the evidence suggesting that sufficient time existed during which the collision could have been avoided properly belonged to the jury (*see, Jaquay v Avery, supra*, at 731), which was in a better position to assess the credibility of the witnesses and to weigh the conflicting testimony (*see, Carter v Wemple*, 267 AD2d 641, 642; *Jaquay v Avery, supra*, at 731). We find that the jury could have reasonably determined that any negligence by defendant was not a substantial cause of the accident but, rather, that plaintiff's actions were the sole proximate cause of his injuries (*see, Carter v Wemple, supra*, at 642; *Noviczski v Homeyer*, 238 AD2d 860, 861-862). Accordingly, as there was sufficient evidence to support the verdict and the evidence did not so preponderate in plaintiff's favor that the verdict for defendant could not have

been reached on any fair interpretation of the evidence, we conclude that the verdict was not against the weight of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746, *supra*; *see also, Grassi v Ulrich*, 87 NY2d 954, 956; *Carter v Wemple, supra; cf., Keleher v Fox Ford*, 267 AD2d 646).

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.