■ SANDI PETRONE, Appellant, v FRED MAZZONE et al., Respondents. [725 NYS2d 752] —Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered February 14, 2000 in Albany County, upon a verdict rendered in favor of defendants, and (2) from an order of said court, entered January 24, 2000 in Albany County, which denied plaintiff's motion to set aside the verdict.

Plaintiff commenced this action to recover for injuries she sustained in a September 13, 1995 motor vehicle collision on State Route 2 in the Town of Colonie, Albany County. It is undisputed that, as plaintiff began a left turn from a dedicated turn lane, she drove into the path of and collided with an oncoming vehicle operated by defendant Jordan Vener (herein-

after defendant). Following a trial, the jury concluded that defendant was negligent but that his negligence was not a proximate cause of plaintiff's injuries. Plaintiff appeals from the judgment entered upon the jury's verdict and from the order denying her motion to set aside the verdict. Because we conclude that the jury's determination that defendant was negligent but that his negligence was not a proximate cause of plaintiff's injuries cannot be reconciled with the evidence presented at trial, we are constrained to reverse the judgment and order appealed from, and remit the matter for a new trial.

In our view, the evidence adduced at this very short and simple trial presented the jury with a choice between two basic scenarios. According to plaintiff, she had come to a full stop in the eastbound left-turn lane and, when she saw that an oncoming white van had come to a stop at the intersection and the traffic light controlling her lane had turned green, she began her left turn and immediately collided with another vehicle, assumedly the one operated by defendant. Plaintiff acknowledged that, before proceeding into the intersection, she did not look ahead to see if any vehicles were coming her way.

Defendant, on the other hand, testified that he entered the intersection in the left-hand westbound lane under a green light. He saw plaintiff's vehicle stopped in the opposite left-turn lane and therefore slowed down a little bit as he entered the intersection. According to defendant, "[r]ight as [he] approached that part of the intersection [plaintiff] decided to go right then."

Given the investigating police officer's uncontradicted testimony that the traffic lights were functioning properly and that both lights could not have been green at the same time, the jury had no alternative but to conclude that one of the parties gave inaccurate testimony and that either plaintiff or defendant entered the intersection against a red light. Such conduct, if found, could not be rationally viewed as anything other than a proximate cause of the accident. On the other hand, if the jury could not decide which of the parties' testimony was inaccurate, it had no alternative but to find that defendant was not negligent based on plaintiff's failure to satisfy her burden of proof.

Finally, although plaintiff's acknowledgment that she failed to look out for oncoming traffic before initiating her turn would have provided a basis for a finding that she was negligent, it could not have had the effect of eliminating defendant's negligence as a proximate cause of the accident. In our estimation, no view of the evidence would support the conclusion that

plaintiff's conduct was so extraordinary or unforeseeable as to make it unreasonable to hold defendant responsible for the resulting damages (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562; *Kriz v Schum*, 75 NY2d 25, 36; *Holloway v Willette Corp.*, 280 AD2d 876; *Wood v Neff*, 250 AD2d 225, 228). Obviously, had the jury found that defendant's negligence was a proximate cause of plaintiff's injuries, it could have then proceeded to the question of plaintiff's proportionate culpability.

Under all the circumstances, we conclude that the jury's verdict could not have been reached upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Coluccio v County of Albany*, 258 AD2d 756; *Maisonet v Kelly*, 228 AD2d 780, 781; *cf., Carter v Wemple*, 267 AD2d 641) and that Supreme Court therefore erred in denying plaintiff's motion to set aside the verdict.

Cardona, P. J., Rose and Lahtinen, JJ., concur; Mercure, J., not taking part. Ordered that the judgment and order are reversed, on the law, motion to set aside the verdict granted and matter remitted to the Supreme Court for a new trial, with costs to abide the event.