■ Plantation House & Garden Products, Inc., Appellant, v R-Three Investors et al., Defendants, and Sigman-Weiss Associates, P. C., et al., Respondents. [728 NYS2d 181] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered August 27, 1999, which, upon a jury verdict, is in favor of the defendants

Sigman-Weiss Associates, P. C., Donald Sigman, P.E., and John Horstman, P. C., and against it, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

To the extent that the appellant contends that the Supreme Court improperly denied its application to set aside the jury verdict, that issue is not properly before this Court. After the jury rendered its verdict, the appellant made an oral application to set aside the verdict and was directed by the Supreme Court to submit a written motion within 10 days. The appellant did not object to the Supreme Court's directive, but no such written motion was ever made. Thus, the application was abandoned (see, Acovangelo v Brundage, 271 AD2d 885; see generally, CPLR 4405). In any event, under the circumstances of this case, the jury verdict in favor of the respondents was based upon a fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744; Cohen v Hallmark Cards, 45 NY2d 493; Nicastro v Park, 113 AD2d 129).

The appellant contends that the Supreme Court erred in refusing to charge the jury that the clause of the engineering contract purporting to exculpate the defendant Sigman-Weiss Associates, P. C., from the negligence of either the designer or contractor was inapplicable to the instant case. However, the entire contract was placed into evidence by the plaintiff without any exclusion of or objection to the subject provision. This served to effectively waive any claim of error by the party failing to object (see, Horton v Smith, 51 NY2d 798; see also, CPLR 4017). In any event, the applicability of the clause was a question of fact for the jury (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, 146 AD2d 190). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.