■ LISA YONDOLA et al., Respondents, v AUSTIN TRABULSY, Appellant. [801 NYS2d 534]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Vitaliano, J.), dated June 30, 2004, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in his favor as against the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

The automobile collision in which the plaintiff Lisa Yondola

was injured would not have occurred but for the fact that the defendant drove his car into an intersection in violation of Vehicle and Traffic Law § 1142. Considering the extent to which the issue of negligence was interwoven with the issue of causation in this case (*see Pimpinella v McSwegan,* 213 AD2d 232 [1995]), we conclude that the jury verdict finding that the defendant was negligent, but that his negligence was not a substantial factor in causing the accident, could not have been reached "on any fair interpretation of the evidence" (*Nicastro v Park,* 113 AD2d 129, 134 [1985]; *see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Delgado v Board of Educ. of Union Free School Dist. No. 1 of Towns of Greenburgh & Mt. Pleasant,* 65 AD2d 547 [1978], *affd* 48 NY2d 643 [1979]). Prudenti, P.J., Crane, Goldstein and Mastro, JJ., concur. [*See* 4 Misc 3d 1009(A), 2004 NY Slip Op 50789(U).]