(August 30, 2007)

■ MELANIE L. MCCULLEY et al., Appellants, v SCOTT C. SANDWICK, Respondent. [841 NYS2d 392]—

---

Cardona, P.J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered November 22, 2005 in Albany County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered March 14, 2006 in Albany County, which denied plaintiffs' motion to set aside the verdict.

Plaintiff Melanie L. McCulley (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover damages for personal injuries sustained in a January 2001 motor vehicle accident at the intersection of Cherry Avenue and Delaware Avenue in the Town of Bethlehem, Albany County. At the time of the accident, plaintiff was traveling southbound on Cherry Avenue and slowed down at a green light allegedly to make a left-hand turn, at which point she was broadsided by defendant who was also traveling southbound on Cherry Avenue. Following a trial on the issue of liability, the jury found that although defendant was negligent in the use and operation of his vehicle, his negligence was not a substantial factor in causing the collision. Thereafter, plaintiffs moved to set aside the verdict, claiming that it was inconsistent with defendant's negligence. Supreme Court denied the motion and these appeals ensued.

We are unpersuaded by plaintiffs' contention that defendant's negligent operation of his vehicle was so inextricably interwoven with the proximate cause of the collision as to render the jury verdict illogical and against the weight of the evidence. Defendant testified that while traveling south on Cherry Avenue, he noticed plaintiff, about 100 yards ahead of him, apply her brakes as she entered the intersection at Cherry Avenue and Delaware Avenue. While defendant admitted that he did not slow down, he testified that he saw plaintiff make a right-hand turn onto Delaware Avenue. He stated that he "looked one way, the other, and saw there was nothing ahead of [him], and [he] traveled forward." According to defendant, as he continued through the intersection, plaintiff's car suddenly appeared on his right and he swerved to the left to try to avoid an impact. Plaintiff, on the other hand, denied turning to the right and, although she has no memory of exactly how the accident occurred, she testified that she put on her left turn directional and proceeded to make a left-hand turn once she reached the intersection.

The responding police officer testified that plaintiff indicated at the scene that upon entering the intersection, she mistakenly turned right, corrected her turn while still in the intersection and turned the car to the left, at which point she was broadsided by defendant. Moreover, according to the officer, defendant's version of the accident was consistent with statements from eyewitnesses, although one of the eyewitnesses testified at trial that he did not agree with the officer's assessment of his statement.

Under the circumstances herein, we conclude that defendant's negligence in operating his vehicle was not " 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Muff v Lallave Transp.*, 3 AD3d 693, 694-695 [2004]),\* particularly in light of the proof regarding plaintiff's right-hand turn and corrective maneuvers while in the intersection. Viewed in a light most favorable to defendant, and according the jury deference in resolving the credibility of the witnesses, the evidence did not so preponderate in favor of plaintiffs that the jury could not have reached the verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Brown v Dragoon*, 11 AD3d 834, 836 [2004], *lv denied* 4 NY3d 710 [2005]; *Carter v Wemple*, 267 AD2d 641, 642 [1999]; *Ruso v Osowiecky*, 256 AD2d 839, 841 [1998]).

Spain and Kane, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. The crux of the majority's decision is that the jury was free to credit the testimony of defendant, the responding police officer and the eyewitnesses and, in so doing, could logically conclude that the negligence of plaintiff Melanie L. McCulley (hereinafter plaintiff) in executing the offending traffic maneuver was the sole proximate cause of the underlying accident. And indeed, with that much of the majority's decision, we agree. However, we do not believe that the jury simultaneously could permis-

---

\* In this regard, we cannot agree with our dissenting colleagues that the jury was required to answer "No" in response to the question of whether defendant was negligent in order to conclude that plaintiff's negligence was the sole proximate cause of the accident. A determination of negligence is separate and distinct from "[t]he issue of whether a defendant's negligence was a proximate cause of an accident . . . A defendant may act negligently without that negligence constituting a proximate cause of the accident" (*Ohdan v City of New York*, 268 AD2d 86, 89 [2000], *lv denied* 95 NY2d 769 [2000]). Given the proof at trial, the jury could properly determine that any negligence on the part of defendant was not a proximate cause of the accident.

sibly conclude that defendant was negligent *but* that plaintiff's negligence was the sole proximate cause of the accident.

Simply put, if the jury was of the view that plaintiff's negligence was the sole proximate cause of the accident, it should have answered "No" in response to the question of whether defendant was negligent in the use or operation of his vehicle. On the other hand, if, as it did, the jury answered that inquiry in the affirmative and found defendant to be negligent, however minimally, it necessarily follows that such negligence was a contributing cause to the accident and, as such, the jury should have proceeded to apportion liability accordingly. In short, given Supreme Court's charge, which instructed the jury that both drivers were required to maintain a safe rate of speed, have his or her vehicle under reasonable control, keep a proper lookout and use reasonable care to avoid an accident, and defendant's admission that he did not slow down as he approached the subject intersection, we find the jury's verdict to be inconsistent and illogical (*see Petrone v Mazzone*, 284 AD2d 634 [2001]).

To be sure, as noted by the majority, a defendant may be negligent without such negligence contributing to the happening of an accident.* However, given the record here, no fair view of the evidence would permit a finding of negligence that did not, in some measure, contribute to the happening of the accident. Stated another way, defendant's failure to slow down as he approached the intersection and/or maintain a proper lookout cannot be said to have played no role whatsoever in contributing to the underlying accident. Accordingly, we would grant plaintiffs' motion to set aside the verdict and remit for a new trial.

Lahtinen, J., concurs.

Ordered that the judgment and order are affirmed, with costs.

---

* A person operating a motor vehicle knowing that it has a defective tail-light may be said to be negligent, but said negligence would not constitute a contributing factor to a head-on collision in broad daylight.