◼ DINA MARTIN, Appellant, v KIMBERLY CLARK et al., Respondents. [850 NYS2d 656]—

Peters, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered July 27, 2006 in Saratoga County, upon a verdict rendered in favor of defendants.

Plaintiff was stopped in the northbound lane to make a left-hand turn into her driveway on Edie Road in the City of Saratoga Springs, Saratoga County, when she observed a vehicle, operated by defendant Craig Coon, approach from the elevated southbound lane. According to plaintiff, Coon's vehicle was proceeding at a fast rate of speed as she observed it cross over the dividing lane, straddling both lanes. Concerned for her safety and not seeing the head of the driver, she made a sudden turn to the left in an attempt to avoid a collision. At that moment, Coon suddenly returned to his lane and collided with her vehicle.

Plaintiff commenced this personal injury action, alleging Coon's negligent operation of the vehicle, which was owned by defendant Kimberly Clark. A jury concluded that while Coon had been negligent, such negligence was not a substantial factor in causing the accident. Supreme Court denied plaintiff's motion to vacate the verdict as against the weight of the evidence and this appeal ensued.

We reject plaintiff's contention that the jury's verdict was against the weight of the evidence since we cannot conclude that the "evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (*Acovangelo v Brundage*, 271 AD2d 885, 886-887 [2000]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Recognizing that this is a discretionary determination which triggers a balancing of numerous factors, "[t]he ultimate test is whether any viable evidence exists to support the verdict" (*Ruso v Osowiecky*, 256 AD2d 839, 840 [1998]).

Here, Coon testified that he and Clark were driving their three children from one birthday party to another and, as he proceeded south on Edie Road, he heard a noise from the back seat which he suspected was caused by one of the children throwing an object towards the front of the vehicle. Coon stated that after he turned onto Edie Road, he checked the noise in the back of the car and continued driving until the accident occurred. Once presented with the police report indicating that "[p]rior to collision [Coon] turned around in seat to attend to child," Coon clarified that, although he did tend to his child in the rear of the vehicle when he first turned onto Edie Road, his attention was on the road in front of him immediately prior to the accident. He wholly denied ever having crossed over the

double yellow divider lines. Finally, he contended that from the time that plaintiff first turned left into his lane of travel, he had no time to avoid the accident. Plaintiff reiterated her version of the accident, claiming that just prior to the collision, Coon's head was not visible until the "instant before he hit me." The police report indicates that plaintiff stated that she did not see defendants' vehicle.

Recognizing that the evidence must be viewed in a light most favorable to the nonmoving party (*see Acovangelo v Brundage*, 271 AD2d at 887) and that the resolution of conflicting issues is a determination properly left to the jury (*see Brown v Dragoon*, 11 AD3d 834, 836 [2004], *lv denied* 4 NY3d 710 [2005]; *Acovangelo v Brundage*, 271 AD2d at 887), we conclude that the jury could have reasonably found that even though Coon was at fault for tending to his children in the back seat while driving, his negligence was not a substantial factor in causing the accident (*see Schaefer v Guddemi*, 182 AD2d 808, 809 [1992]). Failing to conclude that "the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*id.*, quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *accord Ruso v Osowiecky*, 256 AD2d at 841), we affirm.

In so finding, we note no error in the jury's consideration of conflicting trial testimony concerning the disposition of a traffic ticket given to plaintiff after the accident since the jury was instructed that its use was limited *solely* to impeachment.* As Supreme Court gave limiting instructions, without objection, and, when asked to clarify that limitation, reiterated its purpose, we do not find that its limited use was repugnant to Vehicle and Traffic Law § 155.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Plaintiff contended that the ticket was retracted, whereas the evidence established that she paid a small fine and pleaded guilty to a lesser charge.