GRACE MARIE ADAMI, Appellant, v GERARD J. WALLACE et al., Respondents. (And a Third-Party Action.) (Action No. 1.) ROBERT L. ADAMI, Appellant, v GERARD J. WALLACE et al., Respondents. (Action No. 2.) [892 NYS2d 214]—

McCarthy, J.

On August 28, 2004, plaintiffs Robert L. Adami and Grace Marie Adami were injured when their motorcycle, driven by Robert Adami, collided with a car they were attempting to pass on State Route 23 in the Town of Durham, Greene County. The car was driven by defendant Gerard J. Wallace and owned by defendant William Wallace, who, along with two 16-year-old boys, were passengers in the car.

Plaintiffs separately commenced actions against defendants, claiming that Gerard Wallace was negligent in operating the car. Defendants claimed that Robert Adami was negligent in operating the motorcycle. The actions were joined for trial and the jury rendered its verdict in favor of defendants. Plaintiffs appeal from Supreme Court's denial of their respective motions to set aside the verdict as against the weight of the evidence. Finding the issues of defendants' negligence and causation inextricably interwoven, we are compelled to reverse and remit to Supreme Court for a new trial.

Robert Adami testified that for five or six miles, plaintiffs were behind a car that was directly behind defendants' car and

that defendants were driving erratically, accelerating and decelerating between 30 and 50 miles per hour in a 55 mile per hour zone while heading east on Route 23. Grace Adami testified that defendants appeared to be looking for something. When the vehicles entered a zone where it was legal to pass by entering a westbound lane of traffic, the car in front of plaintiffs passed defendants' car. Shortly thereafter, in the vicinity of an intersection with Cornwallville Road, plaintiffs also pulled into the westbound lane to pass. According to defendants, not far past that intersection, they attempted to enter a driveway on the opposite side of the road to reverse direction. As defendants' car turned across the highway, it was struck by plaintiffs in the westbound lane. Gerard Wallace testified that, before making the turn, he checked his rear view and side view mirrors and applied his brakes and turn signal, but admitted that he never saw or heard the motorcycle prior to the impact. Robert Adami testified that plaintiffs were traveling at 50 miles per hour and accelerating when defendants' car, which had been veering to the right-hand shoulder of the road, sped up and suddenly turned left in front of him without applying the brakes or turn signal.

Supreme Court properly instructed the jury on proximate cause as well as the drivers' respective duties under the Vehicle and Traffic Law. The charge included an instruction that each of the drivers "was under a duty to . . . keep a proper lookout under the circumstances then existing to see and be aware of what was in his view, and to use reasonable care to avoid an accident. A driver is charged with a duty to see that which under the facts and circumstances he should have seen by the proper use of his senses. And if you find that defendant and or [Robert Adami] did not observe that which was there to be seen, you may find that he was negligent in failing to look or in not looking carefully." The verdict sheet first asked whether Gerard Wallace was negligent, to which the jury responded "yes," and then asked whether his negligence was a substantial factor in causing plaintiffs' injuries, to which the jury answered "no."

"A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the [plaintiff's injuries] is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Calderon v Irani*, 296 AD2d 778, 778 [2002] [internal quotation marks and citations omitted]). We defer to the jury's credibility determinations and view the evidence in the light most favorable to the nonmoving party to determine whether

any fair interpretation of the evidence will support the verdict (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Popolizio v County of Schenectady*, 62 AD3d 1181, 1183-1184 [2009]; *Martin v Clark*, 47 AD3d 981, 983 [2008]; *McCulley v Sandwick*, 43 AD3d 624, 626 [2007], *appeal dismissed* 9 NY3d 976 [2007]). Viewing the evidence in defendants' favor does support a conclusion that both drivers failed to properly observe the other. However, "[w]hile a plaintiff's own conduct may be a superceding cause which severs the causal connection between [a] defendant's negligence and the injury, in order to be a superceding cause, a plaintiff's negligence must be more than mere contributory negligence, which would be relevant in apportioning culpable conduct" (*Skibinski v Salvation Army*, 307 AD2d 427, 428 [2003] [internal quotation marks and citations omitted]). In our view, no fair interpretation of the evidence "would support the conclusion that [Robert Adami's] conduct was so extraordinary or unforeseeable as to make it unreasonable to hold defendant[s] responsible for the resulting damages" (*Petrone v Mazzone*, 284 AD2d 634, 635-636 [2001]; *see Lallemand v Cook*, 23 AD3d 533, 534 [2005]; *Yondola v Trabulsy*, 22 AD3d 483, 484 [2005]). Accordingly, a new trial is necessary.

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order and judgments are reversed, on the law, motions to set aside the verdict granted and matter remitted to the Supreme Court for a new trial, with costs to abide the event.