■ JANET DURRANS, Appellant, v HARRISON & BURROWES BRIDGE CONSTRUCTORS, INC., Respondent, et al., Defendant. [8 NYS3d 700]—

McCarthy, J.P. Appeals (1) from an order of the Supreme Court (McNamara, J.), entered July 9, 2013 in Albany County, which partially granted a motion by defendant Harrison & Burrowes Bridge Constructors, Inc. for summary judgment dismissing the complaint against it, and (2) from a judgment of said court (Connolly, J.), entered November 8, 2013 in Albany County, upon a verdict rendered in favor of said defendant.

Plaintiff was riding her bicycle through the Town of Stony Point, Rockland County, when a bridge closing required her to follow a detour on Lowland Hill Road. Defendant Harrison & Burrowes Bridge Constructors, Inc. (hereinafter defendant), a construction company, was performing the bridge reconstruction pursuant to a contract with the Department of Transportation (hereinafter DOT), and Lowland Hill Road was a designated detour route while the bridge was closed. As plaintiff followed the detour on that road, her front tire struck a recessed manhole cover and she fell from her bicycle and sustained injuries. Thereafter, plaintiff commenced the instant negligence action against defendants.[1] Defendant moved for summary judgment dismissing the complaint on the ground that it did not owe a duty to plaintiff. Supreme Court (McNamara, J.) partially granted defendant's motion, finding that defendant had not adopted a contractual obligation to remedy

---

1. The action against defendant Harrison & Burrowes, LLC was discontinued prior to trial.

the recessed manhole condition that was already in existence when defendant entered the contract, but that material issues of fact existed as to whether its placement of orange barrels along the detour route increased the danger posed by that condition.

After trial, the jury determined that defendant was negligent in placing such barrels, but that its negligence was not a substantial factor in causing plaintiff's injuries. Plaintiff moved to set aside the verdict as against the weight of the evidence, arguing that negligence and proximate cause were inextricably intertwined such that it was logically impossible to find that defendant was negligent without finding that such negligence was a substantial factor in causing plaintiff's accident. The court denied plaintiff's motion. Plaintiff now appeals from both the order partially granting defendant's motion for summary judgment and the judgment.[2]

Addressing defendant's motion for summary judgment first, whether an alleged tortfeasor owed a duty of care to a plaintiff is a threshold determination (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Sciscente v Lill Overhead Doors, Inc.*, 78 AD3d 1300, 1301 [2010]; *Seymour v David W. Mapes, Inc.*, 22 AD3d 1012, 1013 [2005]). An allegation of a breach of contractual duty will not generally be sufficient to give rise to tort liability for an injury to a noncontracting third-party plaintiff, with three exceptions: "(1) where the defendant, by failing to exercise reasonable care in discharging its contractual obligations, 'creates an unreasonable risk of harm to others, or increases that risk'; (2) where the plaintiff is injured as a result of reasonable reliance upon the defendant's continued performance under the contract; and (3) where the defendant completely displaced another party's duty to safely maintain its premises" (*Sciscente v Lill Overhead Doors, Inc.*, 78 AD3d at 1301, quoting *Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; see *Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Contrary to plaintiff's assertion, this rule and its exceptions equally apply to the scope of duty for a contractor who performs work on a public roadway (see *Church v Callanan Indus.*, 99 NY2d at 110-112).

Defendant was entitled to summary judgment as to the third

2. Plaintiff's right to appeal from the interlocutory order partially granting defendant's motion for summary judgment terminated upon entry of the final judgment, and we therefore dismiss that appeal (see *Neissel v Rensselaer Polytechnic Inst.*, 54 AD3d 446, 449 n 3 [2008], *lv denied* 11 NY3d 716 [2009]). Plaintiff's appeal from the judgment, however, brings that order up for review (see CPLR 5501 [a] [1]).

exception, because it did not completely displace another party's duty to maintain the safety of the roadway. Even assuming that, under the contract's general maintenance provision, defendant generally displaced DOT's duties as to the relevant roadways, the contract's further specifications clarify that the Town—not DOT—was responsible for the maintenance of pavement and sewers. These specifications included a map of the area surrounding the bridge work site, including Lowland Hill Road, and an attendant "Table of Maintenance Jurisdiction." Under that table, the Town is tasked with the maintenance of "all features" for Lowland Hill Road. As defined in the same table, the term features includes "pavement." Further, the specifications also provide that "all existing sanitary sewers . . . not deemed to be part of the project . . . shall be maintained . . . by the municipality." Reading the more general detour-maintenance provision to task defendant with the Town's roadway maintenance duties—rather than just those of DOT, the other party to the contract—would render the contract's specific delineation of the different jurisdictions of DOT and the Town meaningless. Such an interpretation would contravene the well-settled construction principles that a contract should be read as a whole and that such a reading "should not render any portion meaningless" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *accord Vectron Intl., Inc. v Corning Oak Holding, Inc.*, 106 AD3d 1164, 1167 [2013]). Further, to the extent that the general maintenance provision and the specific jurisdiction delineation could otherwise be read to conflict, the specific provision controls (*Herr v Herr*, 97 AD3d 961, 963 [2012], *lv dismissed* 20 NY3d 904 [2012]; *Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc.*, 14 AD3d 963, 965 [2005]). Accordingly, regardless of the extent to which defendant adopted DOT's roadway safety responsibilities, the terms of the contract stated that jurisdiction for pavement and sewers on Lowland Hill Road—which would include the condition created by the intersection of the pavement with the relevant manhole cover—remained with the Town. Therefore, inasmuch as defendant had no contractual duties related to the condition of the recessed manhole cover, partial summary judgment was properly granted in its favor.

Turning to the subsequent trial on the first exception—whether defendant created or increased an unreasonable risk of harm to plaintiff—plaintiff testified that, in following the detour on her bicycle, orange barrels placed on the right portion of the road "funneled" her toward the center of the road. She further testified that, despite riding cautiously and slowly and looking straight ahead, she did not see the recessed manhole

cover in time to avoid it, and she fell and sustained injuries when her bicycle struck it. A friend of plaintiff who was driving a support vehicle behind her bicycle testified that plaintiff was riding her bicycle in the center of the open lane when she struck the manhole. Defendant's project superintendent testified that, in the portion of roadway where the accident took place, defendant had placed orange barrels to create a pedestrian walkway and that those barrels had the effect of decreasing the width of the roadway.

Supreme Court (Connolly, J.) properly instructed the jury as to negligence and proximate cause. Those charges included the instruction that the jury consider whether defendant was negligent by "creat[ing] an unreasonable risk of harm to the plaintiff [by] adding to the danger posed by a dangerous condition," specifically by "placing barrels along Lowland Hill Road [that] caused her to be funneled into the center of the road." The jury found that defendant was negligent, but that its negligence was not a substantial factor in causing plaintiff's injury.

"A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skibinski v Salvation Army*, 307 AD2d 427, 427 [2003] [internal quotation marks and citations omitted]; *accord Adami v Wallace*, 68 AD3d 1397, 1398 [2009]). Further, we view the evidence in the light most favorable to the nonmoving party, defendant, and afford deference to the jury's credibility determinations (*see Killon v Parrotta*, 98 AD3d 828, 829 [2012]; *Adami v Wallace*, 68 AD3d at 1398-1399). A "plaintiff's own conduct may be a superceding cause which severs the causal connection between [the] defendant's negligence and the injury . . . [when] a plaintiff's negligence [is] more than mere contributory negligence, which would be relevant in apportioning culpable conduct" (*Skibinski v Salvation Army*, 307 AD2d at 428 [internal quotation marks and citations omitted]).

As an initial matter, plaintiff preserved her weight of the evidence contention by moving to set aside the verdict on that basis (*see Skowronski v Mordino*, 4 AD3d 782, 782 [2004]; *see e.g. Adami v Wallace*, 68 AD3d at 1397). Turning to the evidence and viewing it in the light most favorable to defendant, the jury could have found that plaintiff was negligent for failing to stay to the right side of the remaining traffic lane (*see generally* Vehicle and Traffic Law § 1234 [a]). However, the

jury actually found that defendant was negligent in placing the orange barrels. The only theory presented at trial as to why such placement was negligent, as indicated in the jury instructions, was that it diverted traffic toward a dangerous recessed manhole cover. Given that the uncontested evidence was that plaintiff was diverted in just such a manner, no fair interpretation of the evidence "would support the conclusion that [plaintiff's] conduct was so extraordinary or unforeseeable as to make it unreasonable to hold defendant[ ] responsible for the resulting damages" (*Adami v Wallace*, 68 AD3d at 1399; *Petrone v Mazzone*, 284 AD2d 634, 635-636 [2001]). Therefore, Supreme Court erred in denying plaintiff's motion to set aside the verdict. Accordingly, we remit for a new trial.

Plaintiff's remaining contentions, including the argument that certain jury instructions were improper, are rendered academic by this decision.

Egan Jr., Devine and Clark, JJ., concur. Ordered that the appeal from the order is dismissed, without costs. Ordered that the judgment is reversed, on the law, motion to set aside the verdict granted, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.