Endemann v Dubois (2022 NY Slip Op 04769)

Endemann v Dubois

2022 NY Slip Op 04769

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

532544
[*1]Kyle Endemann, Appellant,
v
Edward Dubois, Respondent.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Hancock Estabrook, LLP, Syracuse (Alan J. Pierce of counsel), for appellant.
Roe & Associates, Williamsville (Justin L. Hendricks of Kenney Shelton Liptak Nowak LLP, Buffalo, of counsel), for respondent.

Ceresia, J.
Appeals (1) from a judgment of the Supreme Court (Cerio Jr., J.), entered November 5, 2020 in Madison County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered September 27, 2018 in Madison County which denied plaintiff's motion to set aside the verdict.
Plaintiff and defendant own neighboring homes. On February 21, 2014, plaintiff awoke to find that a portion of his basement was flooded with 3 to 4 inches of water. Believing defendant's recently installed sump pump discharge system to be the cause of this flooding and the associated property damage, plaintiff initiated the instant negligence action. Following a jury trial, defendant was found to be negligent, butthe jury also determined that this negligence did not proximately cause the damage to plaintiff's property. Plaintiff thereafter moved pursuant to CPLR 4404 to set aside the causation portion of the verdictor, alternatively, for a new trial, which Supreme Court denied. Plaintiff appeals from both the judgment and the order denyinghis posttrialmotion. We affirm.
Plaintiff first contends that Supreme Court should have granted his motion to set aside the verdict because it is against the weight of the evidence. "A verdict may not be set aside on this basis unless the evidence so preponderated in favor of the moving party that it could not have been reached on any fair interpretation of the evidence" (Prediletto v Syed, 166 AD3d 1456, 1457 [2018] [internal quotation marks and citations omitted]). "Showing that a different verdict would have been reasonable will not suffice, as the jury's verdict will be accorded deference if credible evidence exists to support its interpretation" (Wright v O'Leary, 201 AD3d 1280, 1281 [2022] [internal quotation marks and citations omitted], appeal dismissed 38 NY3d 972 [2022]).
In this case, the jury was presented with "a classic battle of the experts" as to what caused plaintiff's basement to flood (Salovin v Orange Regional Med. Ctr., 174 AD3d 1191, 1193 [2019]). Plaintiff presented the expert testimony and written report of Allen Yager, an engineer, who concluded, based upon his observations of the properties, that defendant's sump pump discharged an excessive amount of water directly onto plaintiff's property, resulting in the flooding to plaintiff's basement. Although the incident occurred during the month of February, it was Yager's opinion that plaintiff's gravity drain was not clogged with ice but, rather, was functioning properly, yet it was "overwhelmed" by the volume of water flowing from defendant's sump pump. Rodger Fortune, the owner of a consulting engineering firm, similarly concluded that the flooding was caused by the flow of water from defendant's sump pump, which plaintiff's gravity drain could not expel, as evidenced by settlement of the soil on the side of plaintiff's home that was closest to defendant's property.
In response, defendant presented the expert testimony and report [*2]of Sean Kealey, a civil engineer, who observed both properties and opined that the level of groundwater beneath the properties was high, and that plaintiff, who did not have a sump pump on the date of the incident, suffered flooding because his gravity drain was frozen and therefore failed to drain the groundwater. In formulating this opinion, Kealey relied on the fact that, when he observed the properties at the end of March 2014, approximately five weeks after the incident, defendant's gravity drain was frozen and his sump pump was cycling on and off. Thus, Kealey deduced that plaintiff's gravity drain had been frozen on the earlier date and was failing to drain the groundwater. Kealey was also of the opinion that the volume of water that flooded plaintiff's basement could only have been caused by groundwater that lacked a functioning drainage system. By contrast, Kealey noted that there was a swale, or depression, between the two properties, which would have funneled surface water, such as defendant's sump pump discharge, away from both homes. Kealey further observed that the soil conditions — in particular, the fact that the ground was frozen — would have prevented appreciable amounts of surface water from seeping into plaintiff's basement. In that regard, upon inspecting plaintiff's basement, Kealey saw no evidence that it had flooded due to surface water flowing over the foundation wall.
"The conflicting expert opinions offered by the parties at trial presented a credibility determination for the jury, which, as was its purview, it resolved against plaintiff" (Salovin v Orange Regional Med. Ctr., 174 AD3d at 1194 [internal quotation marks, brackets and citations omitted]; see Prediletto v Syed, 166 AD3d at 1460). Deferring to the jury's determination to credit Kealey over Yager and Fortune, we conclude that the verdict is not against the weight of the evidence (see CPLR 4404 [a]; Reynolds v State of New York, 180 AD3d 1116, 1120 [2020];Rabideau v Weitz, 169 AD3d 1330, 1332 [2019], lv denied 33 NY3d 912 [2019]).
As for plaintiff's argument that the jury's finding of no proximate cause was inconsistent with its finding of negligence, "a jury's finding that a [defendant] was at fault but that such fault was not a proximate cause of [the plaintiff's] injuries is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (C.T. v Board of Educ. of S. Glens Falls Cent. Sch. Dist., 179 AD3d 1198, 1199 [2020] [internal quotation marks, brackets and citations omitted]; see Popolizio v County of Schenectady, 62 AD3d 1181, 1183 [2009]; McCulley v Sandwick, 43 AD3d 624, 626 [2007], appeal dismissed 9 NY3d 976 [2007]). We are satisfied that the jury verdict here suffers no such infirmity. That is, it was not illogical for the jury to conclude that defendant negligently discharged his sump pump in the direction [*3]of plaintiff's home, while also crediting Kealey's opinion that plaintiff's flooding was caused not by defendant's sump pump discharge but by groundwater that had no outlet, due to plaintiff's frozen gravity drain.
Plaintiff's remaining arguments, to the extent not expressly addressed herein, have been considered and found to be either unpreserved or without merit.
Lynch, J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the judgment and order are affirmed, with costs.